## GRAETER v. THE STATE.

CRIMINAL LAW.—The defendant was indicted for and convicted of a misdemeanor in the circuit court. On appeal to the supreme court, the record failed to show that, in the court below, the defendant was arraigned upon the indictment, or that he entered or refused to enter any plea thereto, or that, on refusal to plead, a plea of not guilty was entered for him by the court, or that any issue was formed upon such indictment, or that the jury were sworn to try any issue in the cause.

*Held*, that the record shows a mistrial of the defendant, and, therefore, the judgment of conviction was erroneous.

From the Knox Circuit Court.

*O. F. Baker* and *J. Baker*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—An indictment, in two counts, against the appellant, was duly returned into the court below by the grand jury of Knox county. On appellant's motion, at the proper time, the first count of the indictment was quashed by the court below. The second count of the indictment contained a charge against the appellant of forcible entry, as the same is defined in section 12 of the "act defining misdemeanors and prescribing punishment therefor," approved June 14th, 1852, 2 R. S. 1876, p. 457.

Upon this second count there was a trial by jury in the court below, and a verdict rendered, finding the appellant guilty as charged, and assessing his fine at one hundred dollars. Appellant then moved the court, in writing, for a new trial, which motion was overruled, and to this decision appellant excepted, and judgment was rendered upon the verdict.

In this court, appellant has assigned errors which present questions in relation to the exclusion of offered evidence, and to instructions of the court below to the jury. But as we feel constrained to reverse the judgment of the court below upon another ground, and as these alleged errors may all be obviated on a new trial of the cause, we need not now consider or decide the questions thereby presented.

The record of this cause wholly fails to show that appellant was arraigned upon the indictment in the court below, or that he pleaded thereto either orally or otherwise, or that he refused to plead and a plea of not guilty was entered by the court in his behalf, or that an issue was formed upon the second count of the indictment, and the jury were sworn to try such issue. In such a case, whatever the fact may have been, we must presume that there was no arraignment of the appellant, and no plea entered

by or for him, in the court below; and that there was no issue in the cause for a jury to try. A trial without an issue is erroneous. *Wilbridge* v. *Case*, 2 Ind. 36; *Dart* v. *Lowe*, 5 Ind. 131.

In the case of *McJunkins* v. *The State*, 10 Ind. 140, which was a prosecution for a misdemeanor, this court decided that, on appeal, in such cases, the record must show an arraignment and a plea pleaded or entered upon the minutes of the court. This decision was founded upon sections 96, 97, and 98 of the criminal practice act, 2 R. S. 1876, p. 398, which sections are now, as they were then, a part of the criminal law of this state. The case last cited was approved and followed in the case of *Rockey* v. *The State*, 19 Ind. 225.

In this case, we hold, that the record shows that there was a mistrial of the appellant, in the court below, that the trial had of the cause was, therefore, erroneous, and that, for the reasons stated, the judgment of the lower court must be reversed.

Judgment is reversed, and cause remanded with instructions to set aside the verdict, arraign the appellant, and for further proceedings, in conformity with this opinion.