## FLETCHER v. THE STATE.

LIQUOR LAW.—*Nuisance.*—*Constitutional Law.*—The offence of keeping a common nuisance, as defined in section seventeen of the present liquor law of this state, is properly embraced within the title of such law.

SAME.—*Particularity of Description.*—An indictment under such law for keeping a nuisance, which does not seek the abatement thereof, describing the place where it is alleged to be maintained, as in a certain kind of building situated on certain town lots, particularly described, but not specifying any particular location thereon, is sufficient as a description of such premises.

SAME.—The gist of keeping such common nuisance does not consist in the selling, etc., intoxicating liquor, but in the keeper's so doing or allowing the same to be done, in a place by him "kept in a disorderly manner."

SAME.—*Practice.*—*Arraignment.*—Where the court, on the trial of a criminal cause, without causing the defendant to be arraigned or to plead to the charge against him, of its own motion causes a jury to be empanelled and sworn to try such cause, even though the defendant examines and accepts said jury and part of the evidence in such cause has been heard, he is entitled, on motion, to have the empanelling and swearing of such jury set aside, that he may plead to such charge.

From the Clinton Circuit Court.

*R. C. Gregory* and *W. B. Gregory*, for appellant.

*H. C. Wills*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—Indictment for a common nuisance, against the appellant, under section seventeen of the act of March 17th, 1875, 1 R. S. 1876, p. 872. Motion to quash the indictment; overruled; exceptions. A jury was empanelled and sworn to try the case. The appellant moved the court "to set aside the empanelling and swearing of the jury to try said cause." The motion was founded on the following affidavit:

"Comes now Nathan Fletcher and shows to the court, now here, that he has never at any time been arraigned in said court by having the indictment therein read to him, nor was he ever ordered or required by the court to plead thereto; that when said cause came on for trial the court ordered a jury to be empanelled for the trial of the same, and that he did not then know that he should have been so arraigned and ordered to plead to said indictment; and that he never learned that such were his rights until after part of the evidence for the plaintiff in said cause had been introduced, and said court had been adjourned for said day; and he asks that the empanelling and swearing of said jury to try said cause be set aside so that he may plead to said indictment."

The appellant's motion thus to be allowed to plead was overruled, as the bill of exceptions informs us, "because the defendant was present in court, by himself and his counsel, when said jury was empanelled, and his counsel examined said jury and accepted the same before they were sworn to try said cause; and because the defendant had all the benefits of a plea of not guilty on said trial," to which ruling exceptions were reserved.

It is urged against the sufficiency of the indictment, under the motion to quash, that the offence defined in section seventeen, being declared a nuisance, is not embraced in the subject of the title to the act and matters

properly connected therewith. The title of the act is as follows:

"An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors; to limit the license fee to be charged by cities and towns; prescribing penalties for intoxication and providing for the recovery of damages for injuries growing out of unlawful sales of intoxicating liquors; to repeal all former laws regulating the sale of intoxicating liquors, and all laws and parts of laws coming in conflict with the provisions of this act; prescribing penalties for the violation thereof, and declaring an emergency."

The section upon which this indictment is based defines this offence as follows:

"SEC. 17. Every place, house, arbor, room or shed, wherein spirituous, vinous or malt liquors are sold, bartered, or given away, or suffered to be drank, if kept in a disorderly manner, shall be deemed a common nuisance, and the keeper thereof, upon conviction, shall forfeit his license and be fined in any sum not less than ten nor more than one hundred dollars," etc. 1 R. S. 1876, p. 872.

We think this offence is clearly within the "subject and matters properly connected therewith," as set forth in the title of the act. To call the offence "a common nuisance" does not change its character in fact, nor disconnect it with the "subject of the act." It is an offence committed by "the sale of spiritous, vinous and malt and other intoxicating liquors," against the act which prescribes the penalties for its commission. The indictment is not objectionable on this ground.

It is also objected against the indictment, that the description of the place in which the nuisance is charged is defective. It is alleged as follows:

"A certain brick building located on a part of lots numbered twenty-one (21) and twenty-two, (22,) in the original plat of the town (now city) of Frankfort, and on sixteen and one-half (16½) feet on the east side of lot

number twenty-one (21) and three feet on the west side of said lot number twenty-two (22)."

The argument of appellant's counsel against the description of the premises is, that "we are left to conjecture as to whether the sixteen and one-half feet is in length or in width, or whether at the front or at the rear of the lot; so, as to the three feet. In other words, we are left in ignorance as to what part of lots twenty-one and twenty-two the building is located" upon. We think it would be very easy to see and find a "brick building," in which the nuisance is situated, on any part of the two lots. In our opinion, the description, where the judgment is not to abate the nuisance, is, unnecessarily particular and minute. The case cited by the counsel in support of their views, *Ball* v. *The State*, 26 Ind. 155, goes to a variance between the description and the evidence—not to any defect in the description of the premises, which, indeed, is not as particular or as exact as the one we are examining.

A third objection made against the indictment is, "that Nathan Fletcher, the appellant, and his clerk, William Fries, sold and bartered spirituous," etc., liquors, and suffered said liquors to be drank, etc. This is an allegation that Nathan Fletcher and William Fries sold, etc., and suffered, etc. "His clerk" is merely *descriptio personæ*. If Fries was the agent of Fletcher in the sale, then the sale was by Fletcher, the principal. It is not averred that Fries sold as the agent of Fletcher.

The offence consists in keeping a place wherein certain kinds of liquors are sold, bartered or given away or drank, etc., and keeping the place "in a disorderly manner." The liquor need not be sold, etc., by the "keeper thereof" or his agents or clerks. It is immaterial who sells, barters or gives away or drinks the liquor. If the liquor is thus sold, etc., and the place is "kept in a dis-

orderly manner," the "keeper thereof" has committed the offence. The indictment is sufficient.

Was it erroneous to refuse to set aside the empanelling and swearing of the jury and allow the appellant to plead to the indictment? This is the final question in the question.

In the case of *Graeter* v. *The State, ante.*, p. 159, decided at the present term, we held, that when the record fails to show that the defendant was arraigned upon the indictment, or that he pleaded thereto, or that he refused to plead, or that a plea of guilty was entered by the court in his behalf, or that an issue was formed upon the indictment, the verdict and judgment were erroneous. And this case is supported by the following decisions of this court. *McJunkins* v. *The State,* 10 Ind. 140; *Harman* v. *The State,* 11 Ind. 311; *Rockey* v. *The State,* 19 Ind. 225; and *Molihan* v. *The State,* 30 Ind. 266.

The same view is supported in *The State* v. *Hughes,* 1 Ala. 655, in the decision of which the court says: "The facts then are these, the prisoner is brought to the bar of the court, and without being required to plead to the indictment, a jury is elected and sworn to pass upon his guilt or innocence; after this, for the first time, he is called on for a plea. This proceeding can not be sustained without a wide departure from established usage. Though a formal arraignment of one charged with a criminal offence, may not be indispensable to the regularity of a conviction, we think it clear that the case must be put in a condition for trial, before the jury is sworn. Such is the settled course of procedure according to the most accurate writers on criminal law." In the case of *Douglass* v. *The State,* 3 Wis. 717, the defendant was "'personally present, and by his counsel consented to go to trial.' But it does not appear that he was ever arraigned; that the indictment was ever read to him; that he was called upon to plead, or that he did plead to the indictment. A jury was empanelled, and

witnesses examined on both sides, and the defendant was found guilty." In this case it does not appear that any application was made to correct the proceedings, below, yet it was held by the appellate court to be erroneous, and the judgment was reversed. In *People* v. *Corbett*, 28 Cal. 328, it was held that "a verdict, in a criminal case, where there has been neither arraignment nor plea, is a nullity;" and, that "the defendant in a criminal case does not waive an arraignment and plea by submitting to a trial, introducing witnesses on his behalf, and allowing the case to be argued on his behalf to the jury." See, also, *Regina* v. *Maria Fox*, 10 Cox C. C. 502.

"If a defendant refuse to plead to an indictment, or information, a plea of not guilty must be entered by the court, and the trial proceed." 2 R. S. 1876, p. 398, sec. 98. It would be illegal, therefore, to hold that he waived his right to a plea by not proffering to plead when he had not been called upon to do so.

In the practice in civil cases, every material allegation of the complaint, not specifically controverted by the answer, and every material allegation of new matter in the answer, not specifically controverted by the reply, shall, for the purposes of the action, be taken as true; yet there is a line of cases decided by this court, beginning, we believe, with *Earnhart* v. *Robertson*, 10 Ind. 8, in which it is held, that, in cases where the complaint is not specifically controverted by the answer, or the answer not specifically controverted by the reply, if the parties, by consent, go to trial upon the facts and controvert the allegations by evidence, the pleading, in this court, will be held as if it had been denied by an adversary pleading in the court below; but, in the practice in criminal cases, we believe no decision can be found in conflict with the present opinion.

We think the court erred in overruling the appellant's motion to set aside the empanelment of the jury and

allow him to plead to the indictment; and that the judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.