Young v. Sellers, Auditor.

|106|101|
|128|76|
|106|101|
|131|334|
|106|101|
|136|621|
|106|101|
|155|309|
|155|488|

No. 12,756.

## YOUNG v. SELLERS, AUDITOR.

DRAINAGE.—*Injunction.*—Injunction will not lie to restrain a county auditor from selling allotments of ditch work, unless the proceedings which resulted in the establishment of the ditch are void on the face of the record.

SAME.—*Appeal.—Collateral Attack.*—Where there is a remedy for the correction of errors and irregularities by appeal, they are not available in a collateral proceeding for the overthrow of a judgment.

From the Howard Circuit Court.

*C. E. Hendry* and *M. Garrigus,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellee.

ZOLLARS, J.—Under section 4285, *et seq.,* R. S. 1881, a drain was established by the board of county commissioners. Shares of work, in proportion to the benefits assessed, were set apart and apportioned to appellant's lands. Upon a remonstrance by appellant and one Rayl, reviewers were appointed and made a report. Not satisfied with that report, and the action of the board thereon, the remonstrants appealed to the circuit court. From the judgment of that court, appellant prayed an appeal to the Supreme Court.

This action was brought by appellant to enjoin the appellee, as the auditor of the county, from selling the shares of work set apart and apportioned to his lands.

A demurrer was sustained to the complaint. Appellant declined to amend, and judgment was rendered against him for costs.

He prosecutes this appeal, and assigns as error the sustaining of the demurrer. In and by his complaint, he collaterally assails the proceedings by the county board, and the court below, which resulted in the assessment of his lands and the allotment of the work. Such an assault, of course, can not be sustained, unless those proceedings and judgment are void upon the face of the record. *Smith* v. *Hess*, 91 Ind. 424; *Million* v. *Board, etc.*, 89 Ind. 5; *Anderson* v. *Wilson*, 100 Ind. 402; *Exchange Bank* v. *Ault*, 102 Ind. 322; *Young* v. *Wells*, 97 Ind. 410; *Rogers* v. *Beauchamp*, 102 Ind. 33; *Jackson* v. *State, etc.*, 104 Ind. 516; *McMullen* v. *State, ex rel.*, 105 Ind. 334, and cases there cited; *Earle* v. *Earle*, 91 Ind. 27.

The rule is that where a remedy by appeal is provided, that remedy must be resorted to for the correction of all errors and irregularities. *Smith* v. *Hess*, *supra.*

That the county board and the court below had jurisdiction of the subject-matter and of the parties, is not questioned by any averment in the complaint. Indeed, the complaint affirmatively shows the contrary. The grounds upon which the injunction is asked, as stated in appellant's brief, are five in number. The first is, that the amount of work set apart and apportioned to the lands of one Holmes, is $33 less than the benefits assessed. The fourth is, that the circuit court, on appeal, reduced the amount of work apportioned to the lands of appellant and Rayl by the viewers, one thousand three hundred and sixty-nine cubic feet, but made no order or provision for the doing of the work by others. The fifth is, that the amount of work set apart and apportioned to appellant's lands is in bulk, and not a separate amount to each of his three tracts of land. If these alleged errors exist, and if, by any possibility, appellant may be injuriously affected thereby, it is clear that he should have sought a correction of them before the county board, and in the circuit court, or on appeal to this court, if erroneously denied such correction below. Mere errors and irregularities, however flagrant, can not be made available to overthrow

Young *v.* Sellers, Auditor.

judgments in collateral assaults.    They may be and can only be corrected in a direct proceeding for that purpose.

The second ground relied upon for an injunction is, that the viewers assessed $90, as benefits against one tract of appellant's land, and ordered that nine hundred cubic yards of earth should be excavated in payment thereof, being at the rate of ten cents per cubic yard; that upon appeal the circuit court reduced the assessment to $4.50; that in the final report of the reviewers, subsequently made, they adopted the reduced assessment, but made no deduction in the work' allotted.    In answer to this it is sufficient to say, that the court reduced the assessment from $90 to $4.50 upon the ground and finding, that appellant was entitled to a credit of $85.50, on account of excavations already made by him in the construction of a private drain, upon the line of which the drain in controversy was located; that the final report of the reviewers, subsequently filed, contains nothing upon the subject of benefits or allotments of work, and that there is nothing to show that the auditor is threatening to sell a greater amount of work than was allotted to appellant's land by the order and judgment of the circuit court.

The third ground relied upon for an injunction is, that the circuit court ordered and adjudged that all the assessments and allotments, except those against the lands of appellant and Rayl, should remain unchanged, and that, in violation of that judgment, the reviewers, in their final report, modified the assessments and allotments by deducting from the work allotted to the lands of Rayl, five hundred and fourteen cubic yards of excavation, and adding that amount to the allotment against the lands of Mrs. Holland.    That is a matter which in no way concerns appellant, and besides, the final report of the reviewers, subsequently filed, so far as we can discover, contains nothing upon the subject.

Judgment affirmed, with costs.

Filed March 10, 1886.