Filed June 16, 1886.

---

No. 13,030.

## BILLINGS v. THE STATE.

CRIMINAL LAW.—*Decedent's Estate a Person.*—The estate of a decedent is a person in legal contemplation.

SAME.—*Forging Name of Deceased Person.*—One who forges the name of a deceased person to an instrument purporting to be a promissory note, for the purpose of defrauding his estate, is guilty of the crime of forgery.

SAME.—*Plea in Abatement.*—*Omissions.*—Omissions or defects in a plea in abatement can not be supplied or cured by intendment.

SAME.—*Trial Without Plea Erroneous.*—*Practice.*—The trial of a criminal case without a plea is erroneous, but the error must be presented by a motion for a new trial, and not by the assignment of errors in the Supreme Court.

SAME.—*Information.*—*Mistake.*—*Motion in Arrest.*—Where the whole information, taken together, shows that the charge of the offence is preferred by the prosecuting attorney, the use, by mistake, of the word "affiant" in the body of the indictment instead of the words "prosecuting attorney," is not a defect available on motion in arrest of judgment.

NIBLACK, J., dissents.

From the Daviess Circuit Court.

*J. Baker* and *A. J. Padgett,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, J.—The information charges that the appellant forged the name of Louis C. Morgan, deceased, to an instrument purporting to be a promissory note; that the forgery was committed after his death, and was committed for the purpose of defrauding the estate of Louis C. Morgan.

The objection urged against this information is, that it does not aver that the forgery was committed with the intent to defraud any person. The reason advanced in support of this proposition is, that the law does not regard the estate of a decedent as a person. This contention can not prevail. The estate of a decedent is a person in legal contemplation. "The word person," says Mr. Abbott, "in its legal signification, is a generic term, and includes artificial as well as natural persons." 2 Abbott Law Dictionary, 271; *Douglass* v. *Pacific, etc., Co.,* 4 Cal. 304; *Planters', etc., Bank* v. *Andrews,* 8 Porter (Ala.) 404. It is said in another work that "Persons are of two kinds, natural and artificial. A natural person is a human being. Artificial persons include (1) a collection or succession of natural persons forming a corporation; (2) a collection of property to which the law attributes the capacity of having rights and duties. The latter

class of artificial persons is only recognized to a limited extent in our law; examples are—the estate of a bankrupt or deceased person." 2 Rapalje & Lawrence Law Dictionary, 954.

Our own cases inferentially recognize the correctness of the definition given by the authors from whom we have quoted, for they declare that it is sufficient in pleading a claim against a decedent's estate to designate the defendant as the estate of the deceased person, naming him. *Ginn* v. *Collins*, 43 Ind. 271. Unless we accept this definition as correct, there would be a failure of justice in cases where, as here, the forgery is committed after the death of the person whose name is forged, and this is a result to be avoided if it can be done consistent with principle. We perceive no difficulty in avoiding such a result, for, to our minds, it seems reasonable that the estate of a decedent should be regarded as an artificial person. It is the creation of law for the purpose of enabling a disposition of the assets to be properly made, and, although natural persons as heirs, devisees, or creditors, have an interest in the property, the artificial creature is a distinct legal entity. The interest which natural persons have in it is not complete until there has been a due administration, and one who forges the name of the decedent to an instrument purporting to be a promissory note, must be regarded as having intended to defraud the estate of the decedent and not the natural persons having diverse interests in it, since he can not be presumed to have known who those persons were or what was the nature of their respective interests. The fraudulent intent is against the artificial person, the estate, and not the natural persons who have direct or contingent interests in it.

The appellant filed a plea in abatement, but we deem it only necessary to say of this plea, that an incomplete sentence leaves it in such a condition as to make it fatally defective. It is a familiar rule that omissions or defects in a plea in abatement can not be supplied or cured by intendment.

The record shows that the trial court sustained a demurrer to the plea, and that, thereupon, a jury was called and sworn and evidence heard, but it does not show an arraignment or a plea. No objection was made below in any form to the failure of the court to arraign the defendant or to require him to plead to the indictment. The question is made for the first time by the assignment of errors in this court. If the question had been properly saved, it would be our duty to reverse the judgment, for in criminal cases there must be a plea, as a trial without a plea is certainly erroneous. *Tindall* v. *State*, 71 Ind. 314, and cases cited; *Weaver* v. *State*, 83 Ind. 289; *Sanders* v. *State*, 85 Ind. 318, see p. 332 (44 Am. R. 29). On the authority of *Shoffner* v. *State*, 93 Ind. 519, it must, however, be held that the question is not properly presented. It should have been presented, as that case declares, by a motion for a new trial.

Judgment affirmed.

Filed April 23, 1886.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—In the argument on the petition for a rehearing it is insisted that we did not decide one of the points made by counsel as to the sufficiency of the information. The argument upon this point in the original brief was exceedingly meagre, as counsel evidently relied upon other points for the reversal of the judgment. As stated in the original brief the objection now under discussion was, that " the prosecuting attorney nowhere charges the forgery of the note, by making the same or causing it to be done," and this objection is discussed at much length in the brief on the petition. We think it without merit. The introductory clause of the information reads thus: " Hiram McCormick, the prosecuting attorney of the Forty-ninth Judicial Circuit, prosecuting the pleas of the State of Indiana, gives the court to know and be informed that heretofore, to wit," etc. The conclusion of the information reads thus: "'So the said prosecuting attorney says

that said Jesse Billings was then and there guilty of forgery."
In the body of the information the word "affiant" is used
where the words "prosecuting attorney" should be em-
ployed, and on this mistake is founded appellant's argument,
but the whole information taken together clearly and un-
mistakably shows that the charge was preferred by the proper
officer. As this appears, we can not hold that there was any
defect in the information available on a motion in arrest of
judgment.

We do not deem it necessary to again discuss the questions
considered by us in our former opinion.

Petition overruled.

NIBLACK, J., dissents from this opinion.

Filed June 17, 1886.