Winslow *v.* Green.

---

## WINSLOW *v.* GREEN, SHERIFF.

[No. 18,963.   Filed October 25, 1900.]

CRIMINAL LAW.—*Judgment.—Collateral Attack.—Habeas Corpus.—* Where defendant was convicted and committed to jail he will not be released on a writ of *habeas corpus* because there was neither arraignment nor plea asked or entered before proceeding with the trial, where the court had jurisdiction over the subject-matter and the person of defendant.

From the Porter Circuit Court.   *Affirmed.*

*N. L. Agnew* and *D. E. Kelly,* for appellant.
*Grant Crumpacker,* for appellee.

HADLEY, J.—*Habeas Corpus.*   The appellant was arrested, brought into the superior court of Porter county and tried by jury upon the charge of keeping a house of ill fame. He was convicted and adjudged to pay a fine of $60 and costs. He was neither arraigned nor pleaded to the charge. Upon failure to pay or replevy his fine he was committed to jail.

He afterward set forth the above facts in a petition to the Porter Circuit Court asking thereupon to be granted a writ of *habeas corpus.* The court refused the writ, and from the judgment of refusal he appeals. His contention here is that the judgment is a nullity because there was neither an arraignment nor a plea asked or entered before proceeding with the trial.

This proceeding is a collateral attack upon the judgment of the Porter Superior Court. *Turner* v. *Conkey,* 132 Ind. 248, 252, 32 Am. St. 251, 17 L. R. A. 509; *Cully* v. *Shirk,* 131 Ind. 76, 31 Am. St. 414.

To impeach a judgment collaterally the judgment must be absolutely void. *Krug* v. *Davis,* 85 Ind. 309; *Cohee* v. *Baer,* 134 Ind. 375, 39 Am. St. 270; *Young* v. *Sellers,* 106 Ind. 101; *Davis* v. *Clements,* 148 Ind. 605, 607, 62 Am. St. 539.

It is not denied that the court had jurisdiction both of the subject-matter and the person of the defendant. The contention is that proceeding with the trial without arraignment or plea to the indictment was a trial without an issue and therefore void.

The law is firmly established that, jurisdiction being once obtained over the person and the subject-matter, no error or irregularity in its exercise will make the judgment void. When it thus appears that the court has the power to try and decide, its judgment becomes conclusive as to the matter in controversy between the parties, and, however erroneous, it is unassailable in any collateral proceeding. *Sauer* v. *Twining,* 81 Ind. 366; *Young* v. *Sellers,* 106 Ind. 101; *Board, etc.,* v. *Shutter,* 139 Ind. 268, 272; *Bowen* v. *Hester,* 143 Ind. 511, 517; Freeman on Judg., §135.

The failure to permit the appellant to plead can in no way affect the jurisdiction of the court over the person of the defendant or subject-matter. It can not therefore be reached by a collateral attack.

VOL. 155—24

A judgment entered before the return day of the summons is an erroneous irregularity but not void, and, while subject to overthrow by a proper proceeding in the same case, is conclusive between the parties in a collateral attack. *McAlpine* v. *Sweetser,* 76 Ind. 78; *Gum-Elastic, etc., Co.* v. *Mexico, etc., Co.,* 140 Ind. 158, 162, 30 L. R. A. 700; Freeman on Judg., §126.

The trial of a criminal case without a plea to the indictment is erroneous, but, for such error or irregularity in the exercise of jurisdiction, the complaining party must seek his remedy in the same case by a motion for a new trial and direct appeal.

It is said in *Shoffner* v. *State,* 93 Ind. 519, at page 520: "It is true, as contended, that a trial without an issue is erroneous. It is also true that a trial upon an indictment, or information, without a plea, constitutes such an irregularity in the proceedings as entitles the defendant to a new trial if the verdict is against him, or, at his option, to have the verdict set aside as contrary to law, but advantage can only be taken of such a defect in the proceedings by a motion for a new trial." *Billings* v. *State,* 107 Ind. 54; *Graeter* v. *State,* 54 Ind. 159; *Fletcher* v. *State,* 54 Ind. 462; Freeman on Judg., §135a.

Some *dicta* in *Sanders* v. *State,* 85 Ind. 318, 44 Am. Rep. 29, can not be accepted as supporting appellant's position. What was there said arose upon a most extraordinary state of facts, and the cases relied upon, as sustaining what was there said and meant, do not support appellant's construction.

In *Tindall* v. *State,* 71 Ind. 314, the question arose upon a motion for a new trial and direct appeal, and the court very correctly ruled that the failure to require the defendant to plead to the indictment and the trial without an issue was *erroneous,* not void. To the same effect also are the cases of *Graeter* v. *State,* 54 Ind. 159; *Fletcher* v. *State,* 54 Ind. 462.

Judgment affirmed.