## MILLER *v.* THE STATE.

[No. 3,421.    Filed January 24, 1901.]

CRIMINAL LAW.—*Arraignment.*—*Plea.*—Unless the record shows that the defendant in a criminal prosecution was arraigned and pleaded or refused to plead, or that he waived arraignment and entered a plea to the charge in the indictment or the affidavit and information on which he was prosecuted, a judgment of conviction cannot be sustained. *pp. 153, 154.*

Miller *v.* State.

EVIDENCE.—*Sufficiency.*—*Retrial.*—Where a case must be retried the sufficiency of the evidence to sustain the verdict will not be determined.  *p. 154.*

From the Jackson Circuit Court.  *Reversed.*

*S. A. Barnes,* for appellant.

*W. L. Taylor, Merrill Moores, C. C. Hadley* and *T. M. Honan,* for State.

WILEY, J.—Appellant was prosecuted by affidavit and information for a violation of the provisions of section 4 of the act of 1895 (Acts 1895, p. 250), being §7283d Burns Supp. 1897.  The affidavit charges that appellant was the proprietor of a certain room, where spiritous, etc., liquors were sold in less quantities than a quart, with permission to drink the same on the premises, by virtue of a license duly issued, and that upon a day when sale of such liquors was prohibited by law, to wit, on Sunday, he unlawfully placed, arranged, maintained and kept curtains stretched across the rear part of said room so as to "obstruct and prevent the entire view of said room from the street upon which the same was then and there situate."  The cause was tried by the court and appellant was found guilty and fined.  He moved for a new trial on the ground that the finding was contrary to the law and the evidence.  This motion was overruled, and such ruling is assigned as error.

The record is silent as to whether or not appellant was duly arraigned, or as to whether or not he waived arraignment, or as to whether or not he entered any plea to the charge in the affidavit and information.  As the record does not show an arraignment or waiver, nor a plea, counsel for appellant argues that the judgment will have to be reversed, and that the question is properly saved by the motion for a new trial.  Upon this proposition, the authorities are with the appellant.  Upon the record as it comes to us, the case proceeded to trial and judgment without an issue, and therefore the trial was erroneous.

An arraignment may be waived, but "not so with a plea, for without a plea there is no issue to try, and a trial without an issue is erroneous." *Hatfield* v. *State*, 9 Ind. App. 296; *Tindall* v. *State*, 71 Ind. 314; *McJunkins* v. *State*, 10 Ind. 140; *Graeter* v. *State*, 54 Ind. 159; *Fletcher* v. *State*, 54 Ind. 462; *Sanders* v. *State*, 85 Ind. 318, 44 Am. Rep. 29; *Shoffner* v. *State*, 93 Ind. 519; *Billings* v. *State*, 107 Ind. 54; *Johns* v. *State*, 104 Ind. 557; *Bowen* v. *State*, 108 Ind. 411; *Hicks* v. *State*, 111 Ind. 402; *Weir* v. *State*, 115 Ind. 210.

The rule and practice are uniform, both in England and this country, in requiring the formation of an issue to sustain a verdict. Without it there is nothing to be tried. *Yundt* v. *People*, 65 Ill. 372; *Hoskins* v. *People*, 84 Ill. 87, 25 Am. Rep. 433.

The case was submitted to the court, before it was ripe for trial, and under the authorities the judgment cannot stand. The learned Attorney-General concedes this to be the rule, and that the judgment will have to be reversed.

Appellant's counsel insists that the evidence does not warrant a conviction, and asks us to pass upon this question as raised by the motion for a new trial. This we decline to do, for the case, upon reversal, will have to be retried, and it would be improper for us to embarrass the trial court by any expression of opinion upon the evidence now before us.

Judgment reversed, and the court below directed to grant appellant a new trial.