## WILLIAMS *v.* THE STATE.

[No. 19,539.   Filed June 4, 1901.]

CRIMINAL LAW.—*Appeal.*—*Jury Trial.*—*Presumption.*—It will be conclusively presumed on appeal that the trial judge had a legal reason for refusing a jury trial to one charged with a crime, where the record does not show the grounds of refusal and no bill of exceptions is incorporated. *p. 95.*

APPEAL AND ERROR.—*Record.*—*Affidavits.*—An affidavit in support of a motion for a new trial, which affidavit is not authenticated by the signature of the trial judge, and not brought into the record by bill of exceptions, will not be considered on appeal. *p. 95.*

From Madison Circuit Court; *John F. McClure,* Judge.

From a conviction of larceny, defendant appeals. *Affirmed.*

*D. L. Bishopp* and *J. R. Thornburgh,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

HADLEY, J.—Appellant was convicted of petit larceny. He complains that he was denied the right of trial by jury. The record recites that on the 24th day of November, the cause, by agreement of counsel, was set down for trial by the court on November 26th; that on November 26th "the defendant now demands a trial by jury" which was overruled, and the cause submitted to the court for trial.

To sustain his appeal it is required of appellant to bring to this court a record which affirmatively shows that prejudicial error has been committed against him. *Campbell* v. *State,* 148 Ind. 527; *Riley* v. *State,* 149 Ind. 48; *Lillard* v. *State,* 151 Ind. 322.

There is no bill of exceptions in the record. What the clerk recites is all we know about the facts constituting the refusal complained of. The recitals sufficiently show that the court had at least some reason for denying the jury trial, and in the absence of a showing to the contrary we must conclusively presume that it had a legal reason. The code (§641 Burns 1894, §629 R. S. 1881 and Horner 1897) provides that when the record does not otherwise show the decision or ground of objection thereto, the party objecting must present to the judge a proper bill of exceptions, which, when approved by the judge and filed, shall become a part of the record. That has not been done in this case. The motion for a new trial is copied into the transcript, and an affidavit in support thereof, but the affidavit not having been authenticated by the signature of the trial judge and brought into the record as prescribed by law, it will be disregarded by this court. *Hauser* v. *Roth,* 37 Ind. 89; *Naanes* v. *State,* 143 Ind. 299; *Graybeal* v. *State,* 145 Ind. 623; *Illinois, etc., R. Co.* v. *Cheek,* 152 Ind. 663; *Oats* v. *State,* 153 Ind. 436.

Judgment affirmed.