## WILLIAMS v. HERT.

(Circuit Court, D. Indiana. July 25, 1901.)

### No. 10,005.

1. CONSTITUTIONAL LAW—INDICTMENT—JURY TRIAL.
   Const. U. S. Amend. art. 5, providing that no person shall be held to answer for an infamous crime unless on a presentment or indictment of a grand jury, and article 6, providing that in criminal prosecutions the accused shall enjoy the right to jury trial, apply to federal and not to state courts.

2. SAME—INDICTMENT.
   Const. U. S. Amend. art. 14, does not require an indictment by a grand jury in a prosecution for felony in a state court.

3. SAME.
   The state of Indiana having been admitted into the Union "on an equal footing with the original states in all respects, whatsoever," no right of trial by jury on an indictment in felony cases is guarantied in the courts of that state by the ordinance of July 13, 1787, or Act Cong. May 7, 1800, or Act Cong. Feb. 3, 1809, relative to the government of the territory from which such state was created.

At Law.

Rooker, Hanna & Daily, for petitioner.

BAKER, District Judge. This is an application for a writ of habeas corpus. The statute (Rev. St. U. S. 1878, § 755) provides:

"The court, or justice or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto."

Hence it becomes the duty of the court to examine the petition, and to determine whether the case made by it is sufficient to justify

the issuance of the writ. It is firmly settled that the writ of habeas corpus cannot be made to perform the office of an appeal or of a writ for the correction of errors. If a competent court has acquired lawful jurisdiction of the person and of the subject-matter, intervening errors committed during the progress of the trial will not deprive the court of jurisdiction and render its judgment void. Such intervening errors can only be reviewed and corrected on appeal or by writ of error. Williams v. Hert (Ind. Sup.) 60 N. E. 1067; Koepke v. Hill (Ind. Sup.) 60 N. E. 1039; Winslow v. Green, 155 Ind. 368-369, 58 N. E. 259. As was said in the case last cited:

"The law is firmly established that, jurisdiction being once obtained over the person and subject-matter, no error or irregularity in its exercise will make the judgment void."

This proceeding is a collateral attack on the judgment of the Madison circuit court committing the petitioner to the Indiana reformatory, and it cannot be sustained unless the judgment is absolutely void. Crawford v. Lawrence, 154 Ind. 288-290, 56 N. E. 673; Winslow v. Green, supra; Lee v. McClelland (Ind. Sup.) 60 N. E. 692; Koepke v. Hill, supra. The writ of habeas corpus cannot be used for the correction of errors and irregularities in the trial of the criminal cause which resulted in the conviction and sentence of the petitioner to the Indiana reformatory. The Madison circuit court had full and complete jurisdiction of the criminal offense with which the petitioner was charged, as well as jurisdiction of his person, and the judgment against him is not void. Indeed, in the case of Williams v. State, 60 N. E. 942, the supreme court of this state (Hadley, J., delivering the opinion) held the judgment against the petitioner impervious to a direct attack, and affirmed the judgment of the trial court. The supreme court, per Monks, C. J., held on a petition for habeas corpus by the petitioner in the case of Williams v. Hert, 60 N. E. 1067, that the petitioner had been lawfully convicted, and was not entitled to the benefit of the writ of habeas corpus. These cases decided by the supreme court of the state settle the question that under the constitution and laws of this state the petitioner was rightfully tried upon an information by the court without a jury.

But, if the prosecution and trial were proper under the constitution and laws of this state, still, if they were in violation of the constitution and laws of the United States, it would be the duty of this court to disregard the judgments of the supreme court and to set the petitioner at liberty. The petitioner alleges that he is unlawfully restrained of his liberty and imprisoned by the defendant, who is the superintendent of the Indiana reformatory, in violation of the constitution and laws of the United States. He alleges that he was tried and convicted of petit larceny, it being a felony, in and by the circuit court of Madison county, Ind., and sentenced to imprisonment in the Indiana reformatory for a term of not more than three years nor less than one year. The petitioner alleges that in his trial and conviction he was denied rights secured to him by the constitution of the United States, in the two following particulars: (1) That he was tried for a felony on an information filed by the prose-

cuting attorney, and not on an indictment presented by a grand jury; (2) that he was tried by the court, and, although he demanded to be tried by a jury, his demand was refused. The question presented is as to the right of a court of the United States to wrest from the custody of the state a person who has been lawfully convicted and sentenced to imprisonment, under the constitution and laws of the state, for a violation of its criminal laws. The question is one of the gravest concern to the dignity, peace, and security of the state. The fifth article of amendment to the constitution of the United States provides that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury." The sixth article of amendment provides that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury." The grand jury provided for by the constitution and laws of the United States consists of not less than 16 nor more than 23 men, at least 12 of whom must concur in finding an indictment. The grand jury provided for by the constitution and laws of this state consists of 6 men, 5 of whom must concur in finding an indictment. The constitution and laws of this state do not provide for such a grand jury as is known to the common law or to the constitution of the United States. Every criminal convicted of a felony and undergoing imprisonment in this state has been tried either on an information or an indictment found by a grand jury composed of six men. Hence, if a person charged with a felony in a court of the state must be indicted by a grand jury constituted as required by the constitution of the United States, no one of the many hundred felons incarcerated in the prisons of the state is lawfully imprisoned. If the petitioner is entitled to be set at liberty because he was prosecuted on an information, so is every person imprisoned for a felony in the penal institutions of the state entitled to his liberty. The petitioner's contention that his trial for a felony on an information is in violation of the constitution and laws of the United States is unfounded. The constitution of the United States was not intended to deprive the states of the power to provide for the trial and punishment of criminal offenses committed in violation of their laws. These articles of amendment have reference to powers exercised by the government of the United States, and not to those of the states. The first eight articles of amendment are limitations on the powers exercised by the general government, and not on those exercised by the states. Eilenbecker v. District Court, 134 U. S. 31–34, 10 Sup. Ct. 424, 33 L. Ed. 801. Nor does the fourteenth article of amendment require an indictment by a grand jury in a prosecution for murder or other felony in the courts of the state. The state may authorize such prosecutions in its courts by information without violating the constitution of the United States. Hurtado v. People, 110 U. S. 516, 4 Sup. Ct. 111, 28 L. Ed. 232.

Counsel for the petitioner, however, strenuously contend that the principle ruled in the above cases is not applicable to prosecutions for felonies in the courts of this state. They base their contention on the ordinance of 1787, and on other acts of congress and of the

convention which formed the first constitution of the state. So much of these various acts as is material is as follows:

(1) On July 13, 1787, an ordinance for the government of the territory of the United States, northwest of the Ohio river, was duly enacted by congress, in which it was provided as follows:

"It is hereby ordained and declared by the authority aforesaid that the following articles shall be considered as articles of compact between the original states and the people and states in said territory, and forever remain unalterable, unless by common consent to wit: * * * Art. 2. The inhabitants of the said territory shall always be entitled to the benefit of the right of habeas corpus and of the trial by jury."

(2) An act of congress entitled "An act to divide the territory of the United States, northwest of the Ohio river into two separate governments," approved May 7, 1800, among other things, provided:

"That there shall be established within the said territory a government in all respects similar to that provided by the ordinance of congress, passed on the 13th day of July, 1787, for the government of the territory of the United States, northwest of the Ohio river; and the inhabitants thereof shall be entitled to and enjoy all and singular the rights, privileges and advantages granted and secured to the people by the said ordinance."

(3) An act of congress entitled "An act for dividing the Indiana territory into two separate governments," approved February 3, 1809, provided, among other things, as follows:

"That there shall be established within the said territory, a government in all respects similar to that provided by the ordinance of congress passed on the 13th day of July, 1787, for the government of the territory of the United States, northwest of the river Ohio; and the inhabitants thereof shall be entitled to and enjoy all and singular the rights, privileges and advantages granted and secured to the people of the territory of the United States north west of the river Ohio, by the said ordinance."

(4) The representatives of the people of the territory of Indiana in convention assembled at Corydon, Ind., on June 10, 1816, for themselves and their posterity ordained and declared that they did and would accept the proposition of the congress of the United States of April 19, 1816, entitled "An act to enable the people of the Indiana territory to form a constitution and state government, and for the admission of such state into the Union on an equal footing with the original states;" and the said representatives of the people of the territory of Indiana, in convention assembled, did further ordain and declare "that the said ordinance of the United States and every part thereof should forever remain irrevocable and inviolate without the consent of the United States in congress assembled first had and obtained for the alteration thereof."

(5) The constitution and state government framed as aforesaid were approved by congress, and the state of Indiana was admitted into the Union "on an equal footing with the original states in all respects whatsoever."

It is contended by counsel for the petitioner that by the foregoing ordinances and provisions the right of the people of the state of Indiana to trial by jury on an indictment by a grand jury in the case of all felonies is made an irrevocable and inviolate guaranty of their liberties. Hence it is insisted that the constitution and laws of this state authorizing the trial of felonies by the court on an informa-

tion are invalid, because the congress has never released the state from the obligations of the foregoing acts and ordinances. It is impossible, however, to maintain that the United States holds in trust for the people of the state of Indiana all the great elemental principles of liberty contained in the ordinance, and secured by it to the people of the Indiana territory during its existence. The people of this state are sovereign, except in so far as their sovereignty has been surrendered to the national government. This state has never surrendered to the general government its power to provide for the peace and security of the people, and to define and punish criminal offenses committed in violation of its laws. It was admitted into the Union "on an equal footing with the original states in all respects whatever." The ordinance of 1787 and the other acts above quoted have ceased to operate as limitations on the powers of the state. This state possesses all the sovereign powers possessed by any one of the original states of the Union, in all respects whatever. This is affirmed in many cases by the supreme court. Pollard v. Hagan, 3 How. 212, 11 L. Ed. 565; Permoli v. First Municipality of New Orleans, 3 How. 589, 11 L. Ed. 739; Strader v. Graham, 10 How. 82, 13 L. Ed. 337; Escanaba & L. M. Transp. Co. v. City of Chicago, 107 U. S. 678, 2 Sup. Ct. 185, 27 L. Ed. 442; Huse v. Glover, 119 U. S. 543, 7 Sup. Ct. 313, 30 L. Ed. 487; Bridge Co. v. Hatch, 125 U. S. 1, 8 Sup. Ct. 811, 31 L. Ed. 629; Bolln v. State, 176 U. S. 83, 20 Sup. Ct. 287, 44 L. Ed. 382. The state has the power to determine what acts shall constitute criminal offenses, and to provide the manner in which such offenses shall be prosecuted and tried, and the punishment that shall be inflicted. It is settled by the judgment of the supreme court of the state that the petitioner was lawfully prosecuted on an information, and lawfully tried by a court. The state had the power so to provide, and in so doing it has violated no provision of the constitution of the United States. It follows that the prayer of the petition must be denied. So ordered.