PRITCHARD *v.* STATE OF INDIANA.

[No. 23,675. Filed June 4, 1920. Rehearing denied December 17, 1920.]

1. CRIMINAL LAW.—*Trial.—Arraignment.—Plea.*—Under the provisions of the Criminal Code, it is error to proceed with a trial without arraignment and plea. p. 51.
2. CRIMINAL LAW.—*Appeal.—Review.*—The objection, that the trial was had without arraignment or plea, must be made by motion for a new trial, and cannot otherwise be presented on appeal. p. 51.

3. JUDGMENT.—*Conviction Without Plea.*—*Collateral Attack.*—A judgment of conviction is not subject to collateral attack because there was no arraignment and plea.  p. 51.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Prosecution by the State of Indiana against Walter Pritchard. From a judgment of conviction, the defendant appeals. *Reversed.*

*Oscar Lanphar* and *C. O. Baltzell,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

TOWNSEND, J.—Appellant was tried by jury and convicted of grand larceny on an affidavit in twelve counts. The record fails to show that he was arraigned or pleaded to the affidavit; nor does the record show that a plea of not guilty was entered for him by the court on his refusal to plead.

The sole question presented by appellant and not waived is the assignment of error in overruling his motion for a new trial, the specific error being trial without arraignment and plea.

The Code provides: "If the motion to quash be overruled, the defendant shall be arraigned by the reading of the indictment or affidavit to him by the clerk, unless he waive the reading; and he shall then be required to plead immediately thereto, either in abatement or in bar; but the court, for cause shown, may grant him further time to plead." §2068 Burns 1914, Acts 1905 p. 584.

The Code further provides: "If a defendant stand mute or refuse to plead to an indictment or affidavit, a plea of not guilty must be entered by the court and the trial proceed." §2072 Burns 1914, Acts 1905 p. 584.

The provisions of our Code on this subject have always been the same, or substantially the same, as

above.    Under these provisions it has been uni-
1.    formly held by this court that it is error to pro-
ceed with a trial without arraignment and plea.
*McJunkins* v. *State* (1858), 10 Ind. 140; *Rockey* v. *State*
(1862), 19 Ind. 225; *Graeter* v. *State* (1876), 54 Ind.
159; *Fletcher* v. *State* (1876), 54 Ind. 462; *Tindall* v.
*State* (1880), 71 Ind. 314; *Bowen* v. *State* (1886), 108
Ind. 411, 9 N. E. 378; *Hicks* v. *State* (1887), 111 Ind.
402, 12 N. E. 522; *Billings* v. *State* (1886), 107 Ind.
54, 6 N. E. 914, 7 N. E. 763, 57 Am. Rep. 77.

The question, however, cannot be presented in
2.    the absence of a motion for a new trial.    *Shoff-*
*ner* v. *State* (1884), 93 Ind. 519.

Nor can the judgment in such a case be col-
3.    laterally attacked.    *Winslow* v. *Green* (1900),
155 Ind. 368, 58 N. E. 259.

The judgment of the trial court is reversed, with in-
structions to sustain appellant's motion for a new trial.