## BRACKEEN v. STATE OF INDIANA.

[No. 24,901. Filed November 23, 1926.]

1. CRIMINAL LAW.—*Trial without arraignment not proper assignment of error on appeal.*—The trial of a cause without arraignment is not a proper assignment of error on appeal, but should be specified as one of the grounds for a new trial. p. 483.

2. CRIMINAL LAW.—The failure to arraign a defendant cannot be presented for review on appeal where there was no motion for a new trial. p. 483.

3. CRIMINAL LAW.—*Failure to arraign the defendant not ground for collateral attack on judgment.*—A judgment of conviction is not subject to collateral attack because there was no arraignment.  p. 483.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Delia Brackeen was convicted of keeping a house of ill fame, and she appeals.  *Affirmed.*

*Lester A. Ottenheimer,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This was a criminal prosecution started against the appellant in the city court of East Chicago, Lake county, Indiana, upon affidavit charging her with keeping a house of ill fame in the city of East Chicago, Indiana on May 28, 1924.

In appellant's brief, she says that the record shows that the defendant was never arraigned in the city court of the city of East Chicago, or in the Lake Criminal Court and that she never entered a plea of any sort in either court.  But the record shows that in October, 1925, the appellee applied for a writ of *certiorari,* which was granted on October 16, 1925.  The return to the writ of *certiorari* shows the following:  "The arraignment and plea of appellant in the transcript of the appeal from the city court of East Chicago, and on file in the Lake Criminal Court is as follows:  6-17-24.  Theodore C. Klotz, qualifies and acts as Judge in said cause, and the defendant, upon being arraigned for her plea, says she is guilty as charged in said affidavit."

The defendant was found guilty by the Lake Criminal Court on October 17, 1924, and was sentenced to pay a fine in the sum of $100 and costs and to be imprisoned in the correctional department of the Indiana Woman's Prison for a period of 100 days.  The

following facts appear in the record: On May 29, . 1924, an affidavit was filed in the city court of East Chicago, charging the appellant with keeping a house of ill fame. A warrant was issued and the defendant was arrested by the chief of police of the city of East Chicago and on June 17, 1924, defendant was tried and found guilty and fined in the sum of $10. Appellant appealed to the Lake Criminal Court. The transcript of appeal was filed in the Lake Criminal Court on August 18, 1924. Appellant was tried in the Lake Criminal Court on November 13, 1924, and the record shows the following entry: "Comes now the State of Indiana, by its prosecuting attorney and this cause is submitted to the court and on the transcript of appeal from the East Chicago city court, and the court having heard and considered the same now finds the defendant is guilty as charged." On November 17, 1924, the appellant filed a motion for a new trial, for the following reasons: Error of law occurring at the trial in that the court failed to exclude certain evidence over defendant's objection; that the verdict is contrary to law; that the verdict or decision is not sustained by sufficient evidence; that there was a total want of evidence on the material issues; that the court found defendant guilty on the erroneous transcript, in that the transcript in said cause showed defendant entered a plea of guilty in the East Chicago city court, whereas, on the contrary, said plea was not guilty.

The motion for a new trial was overruled by the court and the court entered judgment as follows: "And it is therefore considered adjudged and decreed by the court that the defendant for the offense by her committed, to wit: keeping a house of ill fame, do make her fine to the State of Indiana in the sum of $100, and pay the costs of this prosecution and be imprisoned at the correctional department of the Indiana Woman's

Prison for a period of one hundred days." Then the defendant prayed an appeal to the Supreme Court of Indiana and "an appeal is granted by the court and said defendant is given ninety days in which to perfect the same."

There is no evidence in the record and no attempt to bring in any. The assignment of errors is as follows: (1) The court erred in trying this appellant in the Criminal Court of Lake county without arraignment in said court; (2) the court erred in returning a judgment against appellant without arraignment appearing in said court; (3) the court erred in trying this appellant in entering judgment against this appellant in the criminal court of Lake county without a plea on the part of this appellant; (4) the court erred in trying this appellant in entering judgment against this appellant in the criminal court of Lake county on the transcript of appellant without hearing and considering the evidence in the criminal cause in said court of Lake county.

No error is properly assigned in this case. The assignment of error does not present any question to this court. The questions suggested in it should be 1. assigned as error of the court in overruling the motion of defendant for a new trial.

The record shows, in fact, a plea of guilty, but if the record did not show any arraignment or plea, this could not be taken advantage of in the absence of a 2. motion for a new trial. See Shoffner v. State (1884), 93 Ind. 519; Pritchard v. State (1920), 190 Ind. 49, 127 N. E. 545.

A judgment of conviction is not subject to collateral attack because there was no arraignment 3. and plea. Winslow v. Green (1900), 155 Ind. 368, 58 N. E. 259.

The judgment is affirmed.

Myers, J., concurs in conclusion.