## JACOBY *v.* STATE OF INDIANA.

[No. 26,423. Filed February 4, 1936. Rehearing denied April 9, 1936.]

*Smith & Parrish, V. Ed Funk* and *A. G. Cavins,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Henry R. Wilson, Jr.,* Assistant Attorney-General, for the State.

TREANOR, J.—Appellant was charged with having robbed one Donald H. Redding of $32.00, belonging to said Redding, on or about the — day of November, 1930. The charge was contained in an affidavit made on June 8, 1933. By leave of court a plea of not guilty previously entered was withdrawn and a plea in bar was filed. The plea in bar, which was in substance a plea of former jeopardy, rested upon the following facts: The appellant, Jacoby, had been convicted previously of the crime of robbing Donald H. Redding of $322.00, belonging to the Kroger Grocery and Baking Co. and Redding. Jacoby prosecuted an appeal to the Supreme Court and the judgment of the trial court was reversed and the cause remanded with directions to sustain the motion for a new trial. [*Jacoby* v. *State* (1932), 203 Ind. 321, 180 N. E. 179.] After the cause was set for a new trial the trial court, over appellant's objection, sustained the State's motion to dismiss. Thereafter the affidavit containing the charge involved in this appeal was filed. The only variation between the original and the new affidavit is that the latter charges the appellant with having robbed "one Donald H. Redding of $32.00 belonging to said Redding," whereas the former affidavit charged the robbing of Donald H. Redding of $322.00, "belonging to the Kroger Grocery and Baking Co. and Redding."

The State demurred to the plea in bar on the ground that it did not state facts sufficient to constitute a defense or bar to the prosecution; and the demurrer was sustained.

The jury's verdict found "the defendant guilty of grand larceny." The motion for a new trial was overruled and appellant assigns as errors upon appeal that the trial court erred (1) in sustaining the State's demurrer to defendant's special plea in bar, and (2) in overruling his motion for a new trial.

In support of the first alleged error appellant concedes that he "could not object to his prosecution by the state on the original affidavit in the new trial which he was granted by the appeal"; but he contends that "when the state dismissed that prosecution over his objection, it was then at an end, and was a bar to a further prosecution based upon the whole or any part of the same crime."

While our Constitution provides that "no person shall be put in jeopardy twice for the same offense,"[1] appellant could have been tried a second time upon the original affidavit which was filed against him on November 29, 1930. "It is settled, that the reversal of a judgment which results in a new trial has the same force and effect as the granting of a new trial by the court below, upon the application of the appellant. . . . So, upon the reversal of the judgment, the parties stood as though there had been no trial. The trial and verdict were abrogated. The former verdict could not be referred to, either in the evidence or argument. There was nothing to show that there had been a trial and verdict."[2] The statutes provide that "a new trial is a re-examination of the issues in the same court"[3] and that "the granting of a new trial places the parties in the same position as if no trial had been had."[4] When appellant obtained a new trial the legal consequence was that a charge of robbery,

---

1. Ind. Const., Art. I, §14.
2. *Ex Parte Bradley* (1874), 48 Ind. 548, 551, 556.
3. §9-1901, Burns' Ind. St. Ann. 1933; §2308, Baldwin's 1934; Acts 1905, ch. 169, §280, p. 584.
4. §9-1902, Burns' Ind. St. Ann. 1933; §2309, Baldwin's 1934; Acts 1905, ch. 169, §281, p. 584.

as contained in the affidavit filed November 29, 1930, was pending against him. That charge was dismissed upon motion of the prosecuting attorney, over defendant's objection, and a new affidavit containing the same charge and based upon the same facts was filed. Since the filing of a new affidavit for the same offense would have been permissible before the first trial, it follows that such an affidavit could be filed after the legal consequences of the first trial were set aside.

The trial court did not err in sustaining the State's demurrer to defendant's plea in bar.

Under Points and Authorities in his brief appellant urges that the court erred in overruling his motion for a new trial for the following reasons: (1) It was error to give instruction No. 6 tendered by the State and (2) to refuse to give instruction No. 6 tendered by defendant; and (3) the verdict was contrary to law. This court has approved the giving of an instruction containing the identical language complained of in instruction No. 6 tendered by the State,[5] and instruction No. 2, given upon the court's own motion, contained substantially the same language as that contained in instruction No. 6 tendered by defendant.

In support of the contention that the verdict was contrary to law appellant urges (1) that it was not sustained by the evidence and (2) that it is a nullity for the reason that such verdict was "outside the issues joined."

The prosecuting witness identified appellant as one of two men who forced their way into his automobile

5. "Counsel complain because the sixth instruction given the jury contains the clause, 'You should not go beyond the evidence or a want of evidence to hunt for doubts.' We are of opinion that these words could not be understood by the jury in the sense suggested by counsel. The court evidently intended to inform the jury that a reasonable doubt might arise, either from the evidence given or from a lack of evidence; but, as said further on in the instruction, that the jury 'should not entertain such doubts as are merely chimerical, whimsical, or based on groundless conjecture.'" *Voght* v. *State* (1896), 145 Ind. 12, 17, 43 N. E. 1049.

and demanded and took from him $32. There was corroborating evidence and the sole defense relied upon was an alibi. The credibility of the witnesses and the probative force of the testimony were matters for the jury. There was ample evidence to sustain the verdict.

Appellant relies upon §§1, 5, and 6 of ch. 54, Acts 1929, p. 136,[6] and this court's construction thereof, to sustain his contention that the verdict was "outside the issue joined" and therefore a nullity. The affidavit in the case at bar charges the offense of robbery as defined in §1 of ch. 54, *supra*. The jury, by its verdict, found appellant guilty of grand larceny. Appellant insists that this court's construction of §§5 and 6 of ch. 54, *supra,* limited the issue to robbery and necessarily excluded from the jury's consideration the question of appellant's guilt or innocence of the offense of grand larceny.

Appellant is correct in his understanding of this court's construction of §§5 and 6 as applied in *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648; *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645; and *Perkins* v. *State* (1934), 207 Ind. 119, 191 N. E. 136. It is the conclusion of this court, as expressed in the opinions in those appeals, that the General Assembly intended to exclude "lesser offenses" from the consideration of the court and jury by limiting the issue to the defendant's guilt or innocence of the offense which is defined in that section of ch. 54, *supra,* under which the prosecution is brought. But there was a factor present in the trial of the case at bar which was not involved in the cases cited. In *Ramsey* v. *State* the defendant objected to an instruction which told the jury to consider a "lesser" offense. The instruction was given and the jury found the defendant guilty of the lesser offense. Upon appeal

6. §§9-2215, 9-2216, and 10-4101, Burns' Ind. St. Ann. 1933, §§2403, 2404, 2416, Baldwin's Ind. Stat. Ann. 1934.

to this court it was held that the trial court erred in giving the instruction and that the verdict was contrary to law. The decision, however, did not hold that the verdict was a nullity. In the instant case the defendant requested the trial court to instruct the jury that the offenses of grand and petit larceny were included in the charge of robbery. The court refused to give the requested instruction but gave an instruction which was not distinguishable from the one requested. The court also gave another instruction at the request of defendant which assumed that grand and petit larceny were included in the charge of robbery. Consequently the first question is whether the verdict of guilty of grand larceny is contrary to law notwithstanding the defendant's request that the jury be instructed to return such a verdict in case the evidence failed to establish the offense of robbery, which was expressly charged in the affidavit, but did establish the included offense of grand larceny. And, granting the verdict is contrary to law, the second question is whether the illegality is available in view of appellant's consent to the jury's considering the issue of guilt or innocence of grand larceny.

Prior to the enactment of ch. 54, *supra,* the practice under our procedural law in criminal prosecutions permitted a charge of grand larceny, or of petit larceny, to be tried with a charge of robbery prosecuted upon an affidavit or indictment which formally charged only robbery. This was not an arbitrary practice but was based upon the reality that a charge of robbery necessarily included the charge of grand or petit larceny. Robbery is a larceny in which the taking of property is accomplished by violence or threat of violence to the person from whom the property is taken; it is an aggravated larceny.[7] Chapter 54 of Acts 1929 does not change

---

7. "Robbery is larceny aggravated by the fact that the goods are taken from the person of the owner by violence or by putting in fear." *Bonsall* v. *State* (1871), 35 Ind. 460, 462.

the definition of robbery or larceny, but merely changes the procedural law by limiting the formal joinder of issues, under a plea of not guilty to a charge of robbery, to the single issue of robbery. But under our present definitions of robbery and larceny one cannot be guilty of the offense of robbery without having committed the acts which constitute the offense of larceny. Consequently the facts constituting larceny are always in issue when a defendant is on trial under a charge of robbery, even though, by reason of the restrictions of procedural law, there has been no formal joinder of issue as to larceny.

When the plea of not guilty was entered in the instant case there was no joinder of issue as to larceny and both the State and the defendant were entitled to have that issue excluded from the deliberations of the jury. If the defendant had insisted upon the lawful procedure the verdict of the jury clearly would have been contrary to law, available to the defendant as error, as in *Ramsey* v. *State, supra.* The defendant, however, not merely consented but even requested that the trial court submit to the jury the issue of his guilt or innocence of larceny. As pointed out, the facts of larceny were in issue, but, apart from the defendant's conduct, the question of the defendant's legal guilt was not in issue and the verdict of guilty of grand larceny could not have been reached legally. It was error for the trial court to instruct the jury to consider as an issue the defendant's guilt of larceny but the defendant was not harmed and the State made no objection. There cannot be any question that the persons who took the $32 from the prosecuting witness committed either the offense of robbery or grand larceny. The facts would have justified a verdict of guilty of robbery; but it was for the jury to determine whether the apparent violence was an appreciable factor in the taking or whether the money was

in fact feloniously taken from the prosecuting witness without violence and without putting him in fear of violence. The jury gave the defendant the benefit of the doubt and returned a verdict of guilty of the lesser offense.

The verdict could not be contrary to law in the sense of contrary to the substantive law of the offense of grand larceny as applied to the facts. At the most the procedure was contrary to the law governing formal joinder of issues. The defendant could and did waive this irregularity. An erroneous procedure was followed which did not injure the defendant and of which he cannot take advantage in view of the fact that he insisted upon this irregular course of trial.

Appellant further insists that the verdict, being outside the issues, was a nullity; and, consequently, that it is not material that he was responsible for the erroneous action of the trial court. Much the same question has been presented to this court in the cases where the verdict was alleged to be contrary to law because of the failure of the record to show a plea to the charge. This court regularly held that a verdict reached without a formal plea was contrary to law. The reason given was that without a plea there was no joinder of issues; and that without a joinder of issues there could be nothing before the court or jury for decision. The language used in some of the opinions might be understood to indicate a belief by the court that any decision or verdict would be a nullity in the absence of a formal plea by the defendant. But in *Winslow* v. *Green* (1900), 155 Ind. 368, 58 N. E. 259, it was definitely held that a verdict, without a plea, was not a nullity. In that case the appellant had sued out a writ of habeas corpus to secure his release from imprisonment, contending that the judgment upon which he had been committed to imprisonment was a nullity

because there was neither an arraignment nor a plea asked or entered before proceeding with the trial. The foregoing contention was disposed of by the following statement (p. 370) :

"The trial of a criminal case without a plea to the indictment is erroneous, but, for such error or irregularity in the exercise of jurisdiction, the complaining party must seek his remedy in the same case by a motion for a new trial and direct appeal."

This court, in *Billings* v. *State* (1886), 107 Ind. 54, 6 N. E. 914, 7 N. E. 763, in discussing this question stated the same proposition in the following language:

"No objection was made below in any form to the failure of the court to arraign the defendant or to require him to plead to the indictment. The question is made for the first time by the assignment of errors in this court. If the question had been properly saved, it would be our duty to reverse the judgment, for in criminal cases there must be a plea, as a trial without a plea is certainly erroneous. . . . On the authority of *Shoffner* v. *State*, 93 Ind. 519, it ·must, however, be held that the question is not properly presented. It should have been presented, as that case declares, by a motion for a new trial."

See also *Shoffner* v. *State* (1884), 93 Ind. 519; *Tindall* v. *State* (1880), 71 Ind. 314; *Fletcher* v. *State* (1876), 54 Ind. 462. The reasoning and holdings in the foregoing cases, which involve ultimately the question of the legal effect of an absence of a formal joinder of issues, require us to hold in the instant appeal that the verdict was not a nullity.

Judgment affirmed.