*J. M. Allen, J. G. Crain, J. E. McDonald* and *A. L. Roache*, for the appellee.

---

## PORTER *v.* THE STATE.

In a prosecution for forgery, the indictment alleged that on, &c., at, &c., the defendant did unlawfully, &c., give, barter, sell, utter, publish and put away, to one *B.*, sixteen false, forged and counterfeit bank notes, the genuine of which bank notes were current at the time, in the State of *Indiana*, and which purported to be genuine, and were for, &c., each, and issued by the *Winstead Bank of Connecticut*, payable to "*E. Seymour*, or bearer." Copies of the notes were set forth in the indictment. On the trial, the defendant offered to prove that at the *October* term, 1860, of said Court,

Nov. Term,
1861.

PORTER
v.
THE STATE.

in a case of the State against him, on an indictment for forgery, then on trial, the witnesses gave testimony in reference to the same bank notes, and the same transaction mentioned in the indictment upon which defendant was then being tried. The Court having refused to allow the testimony to be given, the defendant then offered in evidence the record of a conviction, for the purpose of showing that he had been once tried and convicted for the same offense. The record offered, showed that a person of the same name had been tried and convicted on an indictment for a forgery in all respects similar to the one now charged, except that the notes in the former case were charged to have been payable to " *E. lymour or bearer.*"

*Held*, that the record of the alleged former conviction, viewed as an isolated item of evidence, was properly rejected; as the counterfeit notes described in the former case did not correspond with those described in the pending indictment; but that viewed in connection with the parol evidence offered to show the offenses to have been, in fact, identical, the record was competent, and should have been admitted, even though the two items of evidence were offered separately, and not technically in order.

*Held*, also, that it was not necessary to the full description of the offense charged, to allege that the genuine notes were current, and that such an averment was mere surplusage.

*Held*, also, that it is not necessary, where the trial is upon the original indictment, that the record should show that it had been recorded, compared with the original, and certified by the judge.

*Held*, also, that an order that the defendant should stand committed until the fine and costs were paid or replevied was erroneous so far as the order related to the costs.

Wednesday,
December 11.

APPEAL from the *Warren* Circuit Court.

HANNA, J.—The appellant was indicted at the *April* term, and tried at the *October* term, 1861, for forgery. The indictment avers that he did on, &c., at, &c., unlawfully, &c., give, barter, sell, utter, publish, and put away, to one *Silas Birch*, sixteen false, forged, and counterfeit bank notes, the genuine of which false, &c., bank notes were current at the time aforesaid in this State; which notes purported to be genuine, &c., and were for, &c., each, and issued by the *Winstead Bank of Connecticut*, payable to "*E. Seymour* or bearer," at, &c. Copies of the notes are set forth.

Trial on plea of not guilty; verdict of guilty, and judgment on the verdict. It is objected that the Court erred in two rulings, in excluding evidence offered by the appellant.

1. In excluding certain testimony sought to be elicited

from the prosecuting witness. 2. In excluding a record of a former trial and conviction of said defendant.

As to the first ruling, the defendant offered to prove by the witness, that at the *October* term, 1860, of said Court, in a case of the State against the same defendant, charged by indictment with forgery, and then on trial, said witness gave testimony in reference to the same bank notes, and the same transaction about which he had just testified; that they were the same bank notes, and it was the same man, and the same transaction. The Court refused to permit the proof, on the ground that it was not the best evidence. As to a part of the proof offered, it is insisted that the ruling was clearly correct; that is, that the record of the former trial was the best evidence as to whether the notes offered in evidence were the same upon which the former prosecution had been founded, and that as the rules of pleading required the notes to be set forth, or an excuse shown for failing to do so, this Court would presume, seeing them so set forth in the present indictment, that they were contained in the former, if that prosecution was for the same act; and that, therefore, no oral evidence should have been received upon that branch of the proposition.

It is admitted to be true, that a party can, ordinarily, begin with such part of his evidence as he sees proper; but it is said that here, the offer was made as a whole, and included too much, or not enough. That although the proof of identity of person, and perhaps of the transaction, could be made by the oral testimony of the witness, yet the attempt to do so having been coupled with the offer to prove that which should have been proved by the record of the former trial, that thereby the whole offer was vitiated. That the offer to make the proof should have been made as separate propositions, or coupled with the offer of the record also.

The defendant then offered the record of a conviction, as a separate item of testimony, for the purpose of showing that he had been once placed in jeopardy, and tried and convicted, for the same offense. That record, as offered, showed that a person of the same name had, at the *October* term, 1860, of said Court, been tried and convicted for the same

Nov. Term,
1861.

PORTER
v.
THE STATE.

offense here charged, namely, forgery, in uttering and putting away, &c., certain bank notes on the same bank, &c., and corresponding with the charge here made against appellant, except that the said notes were payable to " *E. lymour* or bearer," and not to *E. Seymour* or bearer." See *Porter* v. *The State*, 15 Ind. 433.

It is argued, that although the general charge was the same, to wit, forgery, yet if the conviction for passing, &c., notes payable to "*E. lymour*" would, unsupported by other testimony than that as to identity, be a bar to a prosecution for a like offense in passing notes payable to "*E. Seymour*," then this Court came to a wrong conclusion in the above cited case of *Porter* v. *The State*. That the theory upon which that decision was based was, that *Lymour* and *Seymour* were distinct names, representing two different persons, and that a note payable to the one should not be received on a charge that it was payable to the other; that is, that distinct notes might be put in circulation payable to each of the said persons. As a consequence of this, a conviction for passing notes payable to one, would not bar a prosecution for passing others payable to the other person. That the ruling in refusing to receive, as an isolated item of evidence, the said record, was therefore correct.

In connection with these points, thus presented, we had as well consider the ruling of the Court in refusing a new trial, because of these several rulings in rejecting evidence. Upon that motion, the Court had before it both these rulings for consideration; that is to say, the offer of the defendant to prove by the record that *a William Porter* had been convicted for passing, &c., to a certain person, certain bank notes payable to one " *E. lymour*," of certain denominations and numbers, and issued by a certain bank; and also the proposition to prove by a witness, bearing the same name with the person to whom the State charges, in each of the indictments, the notes were passed, that the transaction described in each of the indictments is the same, the person charged the same, and the notes passed the same; and, also, the latter indictment describing like notes, except as to the name of the person to whom payable. The record does not inform us

of any evidence having been produced to the Court, invalid-

ating, or rendering inoperative, that judgment of conviction. Looking to these facts, did the Court err in refusing a new trial, and in the rulings in rejecting evidence?

Now, although the Court would, upon the motion for a new trial, have before it the rulings made during the trial, and which were made the basis of the motion then under consideration, yet, strictly speaking, it is exceedingly doubtful whether there would be any error in overruling such motion, because the rulings might then appear to have worked injustice, when viewed in connection, unless errors of law were committed at the time such rulings were made. But we need not pass upon this point, for we are of opinion that when a conviction has been had, and stands unreversed, &c., upon a valid indictment, the defendant has a right to avail himself of it, when the whole evidence offered shows that he was thus convicted of the same offense for which he is again being prosecuted, although it is apparent that he might have availed himself of objections not affecting the validity of the record, if he had seen proper to do so, during the progress of the former trial, which would have resulted in his acquittal. If he did not seek advantage under those objections, or if, seeking them, they did not benefit him, but the prosecution resulted in a conviction to which he submitted, we can not see but that it would bar another prosecution. This must be so, or else it follows that an erroneous conviction would not, in any case, bar another prosecution. Suppose a man is prosecuted for the killing of *A. B.*, a stranger; is convicted, and sentenced to five years' imprisonment; and afterward it should appear that the stranger's name was *C. D.*, a fact known all the time to the defendant, could he be prosecuted and convicted for killing *C. D.*, by shutting out the record of the former conviction and facts connected with it, and sentenced to a longer imprisonment? We do not think so.

We shall not stop to inquire, minutely, as to whether the rulings of the Court as to each item of evidence, when offered, were correct or not. It is apparent that in the several offers made, the defendant proposed to introduce all the

Nov. Term,
1861.

PORTER
v.
THE STATE.

proof that was necessary to establish the *fact* that he had been prosecuted and convicted for passing the identical bank notes for which he was then being prosecuted; and that it was the same act of passing for which he was thus again placed upon his trial. When that fact was fully developed, as it was here, that is, where the proof offered, if admitted, would have established the fact, it was the duty of the Court to admit the evidence, even if the offers, when separately made, were not strictly and technically in order; a question about which we need give no opinion. But supposing the oral testimony offered had been erroneously admitted, when first offered, still, that error would have been cured upon the admission of the other proof proposed. See *The Toledo, &c. Railroad Co.* v. *Fisher*, 13 Ind. 258, in which there is an error of the compositor in the following sentence: "And if such declarations are erroneously admitted before proof of the agency, subsequent proof of the agency *were then* error." The words italicised should read, "cures the," as they were written.

The Court instructed the jury that it was not necessary for the State to allege and prove that there were, when, &c., genuine notes of said bank current and in circulation in this State; and refused to instruct that the averment to that effect must be proved. The indictment was founded on the following statute: "Every person who shall give, barter, sell, utter, publish or put away, any forged or counterfeit gold or silver coin, which shall be at the time current or in circulation in this State, or any false, forged or counterfeit bank note, bill or draft, &c., with intent to have the same put in circulation, knowing the same to be forged," &c. 2 R. S., § 33, p. 416.

It is insisted that it was necessary to allege and prove that said bank notes were current, or in circulation, &c.; but if not necessary to allege it, that having done so, the State must support the same by proof.

We are of opinion that it was not necessary, to the full description and charging of the offense, under this statute, to allege that said notes were current; and such an averment being unnecessary to make out the charge of the offense, that if made, it was mere surplusage.

A motion in arrest was overruled. It is insisted that the record is fatally defective, in not showing that the indictment had been recorded, compared with the original, and certified, &c., by the judge.

This was not necessary, where the trial was upon the original indictment. The statute is merely for the purpose of preserving among the records a copy of each indictment, authenticated in a mode pointed out, so as to prevent difficulty consequent upon the loss of the original. The recording, &c., has nothing to do with the validity of the original.

It is urged that the Court erred in pronouncing judgment upon the verdict, in this: the record states that " comes now, &c, and the defendant is commanded to stand up and receive the sentence and judgment of the Court, in pursuance of the verdict. It is therefore," &c.; then follows the judgment on the verdict, and that "the defendant be committed to the county jail, until the fine and costs are paid or replevied."

Two objections are taken to the action: 1. The defendant was not asked if he had any thing to say why judgment should not be pronounced upon the verdict. 2. It was error to order his committal for the costs.

The first objection is based upon § 126, 2 R. S., p. 378. "When the defendant appears for judgment, he must be informed by the Court of the verdict of the jury, and asked whether he have any legal cause to show why judgment should not be pronounced against him."

The first question is settled in the case of *McCorkle* v. *The State*, 14 Ind. 39, against the appellant; and the other, as to the judgment, &c., relative to costs, in his favor, by the case of *Thompson* v. *The State*, 16 Ind. 516.

*Per Curiam.*—The judgment is reversed, with direction to the keeper of the state prison to return the appellant to await further proceedings.

*J. H. Brown* and *James Park*, for the appellant.

*R. W. Harrison*, for the State.