# MAHONEY v. THE STATE.

[No. 5,290.   Filed October 13, 1904.]

CONTEMPT.—*Statement Filed by Judge.*—*Presumption.*—A statement filed by the judge in a contempt proceeding confined to matters that occurred in the presence of the judge and in open court will be treated as importing absolute verity.  *p. 658.*

SAME.—*Disorderly Conduct of Attorney in Presence of Court.*—When the conduct of an attorney was disorderly and his demeanor towards the court insulting and of such a character as to embarrass the proceedings of the court and impede the due administration of justice the court has power, on its own motion, to punish the guilty person summarily for contempt.  *pp. 656–658.*

SAME.—*Direct Contempt.*—*Inherent Power of Court.*—Courts possess inherent power, aside from any power the legislature may attempt to confer, to punish direct contempts.  *p. 658.*

SAME.—*Legislature May Regulate Procedure.*—While it is not necessary to look to any statute to ascertain whether a particular act does or does not constitute a contempt, still the legislature may, within limits, regulate the procedure in such cases.  *pp. 658, 659.*

SAME.—*Construction of Statute.*—The word "arraigned" as used in §1023 Burns 1901 is used synonymously with "accused," or "charged," and the statute does not require that the accused be arraigned within the meaning of the criminal code.  *p. 660.*

SAME.—*Adjudication.*—When the court adjudges the acts or conduct to be a contempt, its adjudication is a conviction.  *p. 660.*

SAME.—*New Trial.*—*Appeal.*—Where the punishment inflicted for contempt of court is a fine of $50 or more, or imprisonment, provision is made by statute for a motion for a new trial and rescission of the judgment, and, if the motion is overruled, an appeal.  *pp. 660, 661*

SAME—*Presence of Accused.*—*Presumption On Appeal.*—Where on an appeal in a contempt proceeding it does not affirmatively appear from the record that the accused was present or that he was absent from court when the contempt proceedings were had against him, the presumption will be indulged on appeal that he was present.  *p. 661.*

SAME.—*Appeal and Error.*—A recital in a motion to set aside a judgment in a contempt proceeding, incorporated in a bill of exceptions, that the judgment was rendered without any notice or appearance, and without giving appellant any opportunity to be heard, can not perform the office of a statement of the fact incorporated in a bill of exceptions, since the bill itself contains no evidence of any irregular proceedings.  *p. 662.*

SAME.—*Judgment.*—*Order-Book Entry.*—*Appeal and Error.*—An order-book entry in a contempt proceeding reciting that on the 21st day of Decem-

ber "the following proceedings were had and entered of record" does not necessarily show that the court did not on December 16, when the appellant was present, adjudge the acts and conduct to be a contempt, since the statute does not require that the charge shall be reduced to writing immediately upon its being made, but requires that the charge (which may have been previously made orally) shall be reduced to writing, and "the same shall be substantially set forth in the order of the court on the same." *pp. 662, 663.*

From Cass Circuit Court; *John S. Lairy*, Judge.

Michael F. Mahoney was fined for contempt of court, and appeals. *Affirmed.*

*M. Winfield* and *M. B. Mahoney*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *L. G. Rothschild* and *W. C. Geake*, for State.

ROBINSON, J.—Appellant appeals from a judgment assessing a fine of $50 against him for a direct contempt of court. From a statement filed by the judge and entered of record December 21, 1903, it appears that during the trial of a criminal case, on December 16, 1903, in which appellant was an attorney for the accused, after the court had overruled an objection by appellant to a question asked a witness by the prosecuting attorney, appellant commenced to argue the question, when the court stated that the ruling had been made; and did not care to hear further argument, whereupon appellant, in a rude and offensive manner and in a loud tone, said to the court, "I want to know whether I am going to be heard in this case in the interest of my client or not." Whereupon the court replied that he would hear him when he desired to hear argument; otherwise, not. Afterwards, during the examination of a witness, a question was asked by appellant which the court remarked the witness had already answered, whereupon the appellant referred to the reporter, saying, "I want to see whether the court is right or not." Afterwards, when the court had ruled on the admission of certain evidence, appellant said there was no principle of law that would support such a proposition, and there was no reason in it,

whereupon the court stated to appellant that such remarks were improper, and that his conduct on several occasions during the trial had been improper and unbecoming a member of the bar. Appellant then rose to his feet and interrupted the court, and in an insulting and insolent manner said, "Now the court is talking again," and continued in substance to say that the court, not only in this trial, but in other trials, had taken exceptions to his conduct, that the court had permitted an examination of the jury contrary to an old and well-established rule of court, and on its own motion had intervened and had not permitted a witness to answer a question, and then began to argue about the merits of the case on trial. The court replied that the merits of the case on trial were not under discussion, but that appellant's conduct as an attorney was, that appellant's conduct at different times during the trial had been disrespectful to the court, that the court would require him to maintain a respectful demeanor towards the court, and that if he did not, he would not hear him in the trial, and if it became necessary would cause him to be removed from the court room. At this point appellant interrupted the court, and in an insulting manner stated that he was ready to quit practice in that court whenever proper proceedings were brought to disbar him. The court replied that it did not deem it necessary to wait for such proceedings. Whereupon appellant turned to the court, and said in an insulting and insolent manner that "whenever the court was ready he was ready." "Upon the foregoing facts the court finds Mr. Michael F. Mahoney guilty of contempt of court, and fixes his fine to the State of Indiana in the sum of $50. He stands committed until the fine and costs are paid or replevied, and the sheriff will see that the judgment of the court is executed." Afterwards, on December 23, 1903, appellant moved to set aside the judgment on the ground that the judgment is illegal and void, that it was rendered

without any notice to appellant, and without any appearance or arraignment, and without giving appellant any opportunity to be heard or file any counter-statement in explanation, denial, or extenuation, which motion was overruled.

As the statement filed is confined to matters that occurred in the presence of the judge and in open court, we must treat it as importing absolute verity. *Holman* v. *State,* 105 Ind. 513. We think the statement shows that the appellant was guilty of conduct which tended to interrupt and embarrass the proceedings of the court and to impede the due administration of justice. His conduct was disorderly, and his demeanor towards the court was insulting, and was such that the court might and should, on its own motion, have noticed and punished summarily. *Dodge* v. *State,* 140 Ind. 284. The only question is whether the fine was imposed through proper legal procedure. Appellant's counsel argue that the statute provides for arraignment, charge, answer, finding, and judgment, and that the record does not disclose that these steps were followed. Aside from any power the legislature may attempt to confer, courts possess inherent power to punish direct contempts. It is a purely judicial power, an essential auxiliary to the prompt and efficient administration of the law. It springs from the nature and constitution of a court, is of the essence of a court's existence. It is a power as old as courts themselves. It exists independent of any legislation, and can neither be destroyed nor materially abridged by the legislature. See *Brown* v. *Brown,* 4 Ind. 627, 58 Am. Dec. 641; *Ex parte Smith,* 28 Ind. 47; *Little* v. *State,* 90 Ind. 338, 46 Am. Rep. 224; *Rudolph* v. *Landwerlen,* 92 Ind. 34; Rapalje, Contempts, §1; *Holman* v. *State, supra; Harkins* v. *State,* 125 Ind. 570; *Fishback* v. *State,* 131 Ind. 304; *Ex parte Terry,* 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405.

While it is not necessary to look to any statute to ascer-

tain whether a particular act does or does not constitute a contempt, still, the legislature may, within limits, regulate the procedure in such cases. *Harkins* v. *State, supra; Little* v. *State, supra; Cheadle* v. *State,* 110 Ind. 301, 59 Am. Rep. 199.

The statute (§1023 Burns 1901) makes the following provision for trial for direct contempt: "When any person shall be arraigned for a direct contempt in any court of record of this State, no affidavit, charge in writing, or complaint shall be required to be filed against him, but the court shall distinctly state the act, words, signs, or gestures, or other conduct of the defendant which is alleged to constitute such contempt; and such statement shall be reduced to writing, either by the judge making it or by some reporter authorized by him to take it down when made; and the same shall be substantially set forth in the order of the court on the same, together with any statement made in explanation, extenuation, or denial thereof which the defendant may make in response thereto; and the court shall thereupon pronounce judgment, either acquitting and discharging the defendant or inflicting such punishment upon him as may be consistent with the provisions of this act; and, if found guilty, the defendant shall have the right to except to the opinion and judgment of the court. And in all cases where the defendant may be adjudged to pay a fine of $50 or more, or to be imprisoned for such contempt, he shall have the right, either before or after the payment of such fine or undergoing such imprisonment, to move the court to reconsider its opinion and judgment of the case, upon the facts before it, or upon the affidavits of any or all persons who were actually present and heard or saw the conduct alleged to have constituted such contempt." This section further provides that upon these affidavits and the original statement the accused may move for a new trial and rescission of the judgment, and if the motion is overruled the accused may except and file a bill of exceptions

as in other criminal cases.   Provision is also made for an appeal.

We can not agree with counsel that this statute expressly provides for arraignment, in the sense of that term in criminal procedure.   Under the criminal code the arraignment of the accused consists of the reading of the indictment or information to him by the clerk.   §1831 Burns 1901. And if the record, in such case, shows an arraignment, it necessarily shows the reading of the indictment or information to the accused.   *Clare* v. *State,* 68 Ind. 17.   But §1023, *supra,* expressly states that no affidavit, charge in writing, or complaint shall be required to be filed against the accused.   It is true the section uses the word "arraigned," but it is used synonymously with "accused" or "charged."   Webster's Dict.; Soule's Synonyms.   He could not be arraigned within the meaning of the criminal code where no affidavit, written charge, or complaint had been filed against him.   The statute clearly contemplates that the court may make the charge orally, which is afterward reduced to writing and the substance of it set out in the order of the court on the same.   In *Holman* v. *State, supra,* it is said to be very doubtful whether the legislature has power to require the judge to make any formal written charge, where the act constituting a direct contempt is committed during an open session of court and in the presence of the judge.   The statute does not require that the statement made by the accused in explanation or denial of the charge shall be in writing.   It can not be doubted that conduct in the presence of the court might be of such character that the court could impose punishment summarily.   In such case a trial is not contemplated.   No issue is to be formed.   When the court adjudges the acts or conduct to be a contempt its adjudication is a conviction.   The accused may except and appeal; and if the punishment inflicted is a fine of $50 or more, or imprisonment, provision

is made for a motion for a new trial and rescission of the judgment and an appeal.

We agree with counsel that such proceedings should not be taken against the accused in his absence. But we can not presume that the court did this. The record does not show that this was done. It does not affirmatively appear that appellant was present. It does not affirmatively appear that he was not present. It has been held time and again, both in civil and criminal cases, that the appellate tribunal must presume in favor of the regularity and validity of the proceedings of the trial court, and, until the contrary is made to appear by the record, this presumption must control. Thus in *Lillard* v. *State,* 151 Ind. 322, a reversal was asked because the record did not show that the trial court, before pronouncing its judgment sentencing the defendant, informed him in regard to the verdict and called upon him to show legal cause why judgment should not be pronounced, under §1923 Burns 1901, which provides that "when the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he have any legal cause to show why judgment should not be pronounced upon him." The court said: "If the lower court, however, failed to discharge its duty towards the defendant in the manner required by the statute, in not informing him of the verdict and calling upon him to show cause, if any he had, the burden is upon him, on appeal, to show affirmatively such failure by the record; and, in the absence of such showing, we must, under the well-affirmed rule, presume that the trial court discharged its duty as the law exacted. The mere silence of the record, as in the case at bar, does not suffice to present the question which appellant seeks to have reviewed under his third assignment of error." See, also, *Campbell* v. *State,* 148 Ind. 527; *McCorkle* v. *State,* 14 Ind. 39; *Porter* v. *State,* 17 Ind. 415; *Ayres* v. *State,* 88 Ind. 275; *Shoffner* v. *State,* 93 Ind. 519; *Houk* v. *Barthold,* 73 Ind. 21.

It is true it is held that upon appeal in a criminal case the record must show affirmatively that the accused was arraigned, or waived it, and that he pleaded to the indictment or information, or that, standing mute and refusing to answer, a plea was entered for him by the court. *McJunkins* v. *State,* 10 Ind. 140; *Tindall* v. *State,* 71 Ind. 314; *Hicks* v. *State,* 111 Ind. 402; *Bowen* v. *State,* 108 Ind. 411; *Miller* v. *State,* 26 Ind. App. 152; *Manhattan Oil Co.* v. *State,* 26 Ind. App. 693. This ruling is based upon the positive terms of the statute. *Weir* v. *State,* 115 Ind. 210.

The motion to set aside the judgment is incorporated in a bill of exceptions. The bill contains nothing except the motion. One of the grounds of the motion is that the judgment was rendered without any notice or appearance, and without giving appellant any opportunity to be heard. But this recital in the motion can not perform the office of a statement of the fact incorporated in a bill of exceptions. The bill itself contains no evidence of any irregular proceeding. See *Masterson* v. *State,* 144 Ind. 240; Elliott, App. Proc., §§294, 815.

What we have said is upon the assumption that the record itself does not in any way show that appellant was present when charged with the contempt. But we do not think it can be said that the record conclusively shows that the alleged contempt was committed on December 16 and no action taken thereon until December 21. The order-book entry recites that on the 21st day of December, 1903, "the following proceedings were had and entered of record in order-book forty-two, pages 150-153, as follows, to wit." This is followed with the statement, the substance of which we have already given, and the statement is followed immediately by the court's finding and judgment thereon as already set out in full. As the court is not required to make the charge in writing, we do not think it can be said that the record conclusively shows that no action was taken

by the court as to the alleged contempt until December 21. It does not appear from the statement itself when it was reduced to writing. It only appears that the statement was not entered in the order-book until December 21. The statute does not require that the charge shall be reduced to writing immediately upon its being made, but it requires that the charge (which may have been previously made orally) shall be reduced to writing, and "the same shall be substantially set forth in the order of the court on the same." The court could have made the charge orally on December 16, when the acts complained of were committed, and when it appears appellant was present, and on that date could have adjudged appellant guilty of contempt, and afterwards put the charge in writing and caused the same to be recorded on December 21. There may have been no judgment until December 21, when the statement was entered of record; but the statement does not necessarily show that the court did not, on December 16, when appellant was present, adjudge the acts and conduct to be a contempt.

Judgment affirmed.