*In re* SUSPENSION OF MAXIMILLIAN L. LIZOTTE.

MAY 31, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Suspension of Attorney from Practice.*

After the suspension of an attorney from practice for a fixed term, he conducted himself in respect to the practice of his profession in the same manner as he did before the entry of such decree except that he did not appear before the courts and did not in his own name cause the process of the court to issue;

Respondent being adjudged in contempt is ordered to refrain from holding himself out in any manner as an attorney; from undertaking any legal service of a nature usually performed by members of the bar; from using his sign as an attorney upon his office, or stationery whereon his name appears as an attorney, and is suspended from practice for a further term.

COMPLAINT against a member of the bar. Heard on motion to show cause why respondent should not be adjudged in contempt of decree of suspension.

SWEETLAND, J. On the 9th day of July, 1910, the respondent was suspended from the practice of his profession, as an attor-

ney and counsellor at law, until the 10th day of July, 1911. By a communication from the committee on complaints against Members of the Bar it has been brought to the attention of the court that the respondent is holding himself out to the public as one at present qualified to act as an attorney at law. The respondent was cited to appear before this court to show cause why he should not be adjudged in contempt of said decree entered July 9, 1910. At a hearing upon said matter it appeared that the respondent after the decree of suspension retained the sign upon his office door reading "M. L. Lizotte, Attorney at Law, Notary Public, Entrance;" that in November, 1910, he moved his office to another room in the same building and placed the said sign upon the door of his new office where he had retained it up to the time of said hearing; that for several weeks after said removal he maintained a notice posted upon the wall of the corridor beside the door of his former office reading, "Law Office of M. L. Lizotte removed to Room 706;" that since the time of his suspension he has permitted and encouraged persons to consult with him in his office upon their legal business and in regard to litigation; that he has advised these clients in the same manner as before his suspension; that he has collected claims; that in the prosecution of such collections and in the course of all these matters he has used and sent through the mails stationery and envelopes bearing the same printed heading as that used by him before his suspension, in which heading he is styled as an attorney at law; that, when in the course of these matters he has deemed it necessary to have writs or other legal process issue, he has taken his clients to attorneys occupying neighboring offices and turned such matters over to said attorneys, with the purpose, as it clearly appears, that such proceedings in court should be kept alive until the end of the term of his suspension. From the testimony given at the hearing the court finds that the respondent since July 9, 1910, has conducted himself in respect to the practice of his profession in the same manner as he did before the entry of said decree, except that he has not appeared before

the courts as an attorney and that he has not, in his own name, caused the processes of the court to issue.

It has been urged as an excuse for this conduct of the respondent that the things which he is charged with doing in violation of said decree he might well do if he was not a member of the bar; that persons not members of the bar collect claims, give advice upon legal matters, draw deeds and other legal documents, search and certify titles and solicit legal business which they turn over to attorneys when proceedings in court become · necessary.

The purpose of this court is not to be nullified by an approval of such reasoning. It will not permit its disciplinary orders to be evaded nor will it allow its officer to publicly disregard its decree by such a subterfuge. The matters above enumerated are regular, legitimate and recognized parts of a lawyer's profession and in such matters the public seeks the service of the lawyer because his professional training qualifies him for their proper and trustworthy performance. While it is true that persons who are not of the legal profession at times assume to do the things which this respondent has done since his suspension, they do not and they would not be permitted to so act in the guise of attorneys at law. Members of the bar who are under suspension will be required to comply with the terms of the decree suspending them in such a manner that there may be no ground for suspicion on the part of other members of the bar or of the public that the decrees of this court are not being exactly observed in their letter and their spirit. A failure to so act will be a cause for further punishment.

In dealing with this respondent we shall take into consideraation that before entering upon the course of conduct which he has pursued since the entry of said decree he consulted with two other members of the bar and apparently in some particulars his conduct met with their approval. We shall give to the respondent the full benefit of this circumstance in its bearing upon the question of the wilfulness and recklessness of his conduct. Such a view, however, of the respondent's situation appears to this court to be entirely unwarranted and indicates

a lax notion of the purpose and extent of the punishment of suspension, which should be clearly and vigorously corrected, that no one hereafter may be led to disregard a similar decree, and while ignoring the spirit of its provisions hope to escape liability by a compliance with what he may be pleased to consider its literal requirements.

We adjudge the respondent in contempt of said decree entered July 9th, 1910.

It is ordered that the respondent shall at once, and throughout the remainder of the period of his suspension discontinue his sign as an attorney at law upon his office, and shall cease to use any stationery whereon his name appears as an attorney at law; that he shall not undertake any legal service of a nature usually performed by members of the bar and that he shall most carefully refrain from holding himself out to the public in any manner as an attorney at law; and further, that he shall continue to be suspended from the practice of his profession until the 10th day of October, 1911.

*Fitzgerald & Higgins, John S. Murdock,* for respondent.