**BOWLES v. UNITED STATES.**

No. 3149.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

John Philip Hill, of Washington, D. C. (Hill, Ross & Hill, of Washington, D. C., on the brief), for appellant.

Wm. Baxter, Asst. U. S. Atty., and Simon E. Sobeloff, U. S. Atty., both of Baltimore, Md.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

PARKER, Circuit Judge.

This is the second appeal in this cause, the first opinion, which sets forth the facts

very fully, being reported in (C. C. A.) 44 F.(2d) 115. We there held that the contempts charged against the respondent, Bowles, were not of the class punishable summarily, and that there was error in imposing punishment without giving him opportunity to answer or to produce witnesses in his defense. The case was remanded in order that he might be given this opportunity and that the charges might be then passed upon in the light of all of the evidence, including the knowledge of the judge below of the acts committed in his presence and the statements made to him, as well as any evidence which the respondent might offer in explanation or contradiction of the charges.

After the mandate of this court was received, the court below entered an order and issued a rule against respondent, reciting the charge against him, and directing that he appear before the court on December 20, 1930, and show cause why he should not be attached for contempt. The recitals of the order are substantially the same as those of the order of December 3, 1929, set forth in full at (C. C. A.) 44 F.(2d) 115, 116, except that they omit the charge that respondent failed to comply with the order of court to appear and explain his conduct. The order recites, however, just as did the former order, that he falsely represented himself to the court to be a practicing attorney of the District of Columbia, whereas the truth was that he had been disbarred, and that, by making this false representation, he obtained permission to represent a prisoner at the bar of the court.

The order was served on respondent on November 22d. On December 16th, he filed an affidavit of prejudice against the judge and also a motion that the cause be certified to another judge for hearing. On December 20th, the return day of the rule, this motion was denied, and the affidavit of prejudice was ordered stricken from the record. Respondent then moved to dismiss the rule on the ground, among others, that it failed to charge any act constituting contempt. This was overruled, as was also a motion for a bill of particulars. The respondent then filed answer to the rule in which he denied under oath making the representations charged, but admitted that he had been disbarred in the District of Columbia. He demanded a jury trial, which was denied, and then moved for a continuance on the ground that he desired to produce witnesses, but without showing what the witnesses would testify, why they were not present, or how they would be material to his defense. This motion also was denied. The court gave respondent the opportunity to offer evidence, but he neither took the stand himself to explain his conduct, nor did he offer other testimony to explain it. He was then adjudged in contempt, and punishment was imposed upon him.

The assignments of error raise seven questions, viz.: (1) whether there was error in striking from the record the affidavit of prejudice and refusing to certify the cause to another judge for hearing; (2) whether the charge against respondent constituted contempt; (3) whether the answer of respondent purged the contempt charged; (4) whether there was error in denying the bill of particulars asked; (5) whether respondent was entitled to a jury trial; (6) whether it constituted error to proceed with the hearing on the return day of the rule instead of setting the cause down for hearing in the future; and (7) whether the court was justified in adjudging the respondent guilty of contempt and imposing punishment without hearing additional evidence. We think that all of these questions must be answered against respondent.

There is much doubt as to whether section 21 of the Judicial Code (28 USCA § 25), under which the affidavit of prejudice was filed, has any application to contempt proceedings, particularly where, as here, the contempt is committed in the presence of the court. The affidavit there provided for is allowed in any action or proceeding, "civil or criminal," whereas contempt proceedings are sui generis, being neither civil actions nor prosecutions for offenses within the ordinary meaning of those terms. Myers v. U. S., 264 U. S. 95, 103, 44 S. Ct. 272, 68 L. Ed. 577; Bessette v. W. B. Conkey Co., 194 U. S. 324, 326, 24 S. Ct. 665, 48 L. Ed. 997. And there is strong reason to think that Congress did not intend by the section relied on to require the judge of a court which has been affronted by a contempt to pass over the trial of the question to some other court or judicial officer. As said by Judge Killits in the case of In re Ulmer (D. C.) 208 F. 461, 466:

"The federal courts hold, without qualification, that the power to punish for contempts is inherent in all the courts of the United States, its existence being essential to preserve order in judicial proceedings and the enforcement of the court's judgments, and, consequently, to the due administration of justice; that it inheres in the dignity of the court itself, and is an attribute as essen-

tial and indispensable to the due administration of justice as the person of a judge. In re Nevitt, 117 F. 448, 54 C. C. A. 622; Ex parte Robinson, 86 U. S. (19 Wall.) 505, 22 L. Ed. 205; Bradley v. Fisher, 80 U. S. 340 (13 Wall.) 20 L. Ed. 646. This being the necessary power of the court, with the right to summarily exercise it inherent in the fact itself, we hold that Congress cannot embarrass a court in the exercise of this duty by providing for the disability of the particular judge the dignity of whose court was affronted by the conduct under consideration, and that no attempt was made to do so by the act in question. Such construction of section 21 of the Judiciary Act would lead to manifest absurdities; it would tend to weaken the proper power of the courts to duly administer justice by requiring an individual judge who is, as Mr. Chamberlyne says, the 'percipient witness' of the transaction to pass over the question whether or not the dignity of his court was affronted to some other tribunal or judicial officer of merely co-ordinate powers, who, as the Supreme Court in the case of a removal from the bar said, could not decide 'with the same means of information as the court itself.' We hold, then, that this statute cannot be applied to the case of a direct and criminal contempt, because of the very nature of such a matter."

But, without deciding that the section does not apply, we think that it cannot avail the respondent here, because the affidavit upon which he relies was not filed in time. The statute requires that it be filed not less than ten days before the beginning of the term of court. In Chafin v. U. S. (C. C. A. 4th) 5 F.(2d) 592, 595, we held that: "When the indictment is found less than ten days before such term begins, the affidavit must be filed as soon as practicable before the term begins or good cause shown for the delay; when the indictment is found after the term has begun, the affidavit must be filed as soon as the disqualifying facts are known or good cause shown for delay."

The respondent here failed to comply with the provisions of the statute or the rule laid down by this court in the Chafin Case. The rule was served upon him on November 22d, just ten days before the commencement of the December term of court. He did not file his affidavit until December 16th, four days before the return day of the rule. It thus appears that he did not file it either ten days before the term or ten days before the return day of the rule, whichever be taken as the crucial date. To apply the rule of the Chafin Case, he did not file it as soon as practicable or as soon as the disqualifying facts became known to him, and he did not show any cause whatever for the delay in so doing.

On the second question, we think there can be no doubt that the rule or order served upon respondent sufficiently charged a contempt of court. The brief of respondent assigns no ground of insufficiency, except that no affidavit was made supporting the charges and no information was filed by the United States attorney as contemplated by the Act of Oct. 15, 1914, c. 323, §§ 21, 22, 38 Stat. 738 (28 USCA §§ 386, 387). That act, however, has reference to acts constituting contempt which are also criminal offenses under the laws of the United States or of the state where committed. It has no application to the contempt here, which was properly proceeded against under section 268 of the Judicial Code (28 USCA § 385).

As to the sufficiency of the charge, it is uniformly held that for one to hold himself out as a practicing attorney after he has been disbarred is a contempt of the court which disbarred him. Bowles v. Laws, 59 App. D. C. 399, 45 F.(2d) 669; In re Lizotte, 32 R. I. 386, 79 A. 960, 35 L. R. A. (N. S.) 794; In re Duncan, 83 S. C. 186, 65 S. E. 210, 24 L. R. A. (N. S.) 750, 18 Ann. Cas. 657. The contempt here, however, is of a different character. It consists in the imposition practiced upon the court by the false statements of respondent. Attorneys at law bear an important relation to the courts before which they practice. They are in a very real sense officers of the court; and the proper and orderly administration of justice depends in a very large measure upon their character and fidelity. Under our system, it is not unusual for attorneys practicing in one jurisdiction to have business in another; and in such cases it is customary for the court, upon this fact appearing, to permit them to appear pro hac vice with all the privileges of attorneys regularly practicing at its bar. Respondent obtained this privilege by falsely representing his status; and the imposition thus practiced on the court was clearly a contempt committed in its presence. As said in our former opinion, "a contempt of this sort is analogous to false swearing, which is punishable as contempt under proceedings had under rule to show cause." See In re Ulmer, supra; also U. S. v. Ford (D. C.) 9 F.(2d) 990, where an attorney was held guilty of contempt in presenting false documents for the preparation

of a bill of exceptions; Chicago Directory Co. v. U. S. Directory Co. (C. C.) 123 F. 194, where an attorney was held guilty of contempt in presenting to the court fabricated testimony; and Ex parte Steiner (C. C. A. 2d) 202 F. 419, where persons were held guilty of contempt in swearing to false affidavits for the purpose of misleading the court.

 Little need be said as to the position of respondent that the contempt was purged by the answer. It is well settled in the federal courts that, with the possible exception of cases where the contempt inheres in the intent with which an ambiguous act is done, a person may not purge himself of the contempt charged by mere denial under oath. U. S. v. Shipp, 203 U. S. 563, 27 S. Ct. 165, 51 L. Ed. 319, 8 Ann. Cas. 265; Id., 214 U. S. 386, 405, 29 S. Ct. 637, 53 L. Ed. 1041; Oates v. U. S. (C. C. A. 4th) 233 F. 201; Bowles v. Laws, 59 App. D. C. 399, 45 F. (2d) 669, 671.

As to the bill of particulars, the granting of this was a matter resting in the sound discretion of the trial court; and there is nothing to show that the discretion was abused. On the contrary, it is difficult to see how the charges could have been made more specific. Respondent was apprised of the date, time, place, and nature of the acts complained of; and it is inconceivable that, with all that had taken place in the case, he was not fully advised of all of the circumstances of the charge against him.

The demand for a jury trial and that the cause be set down for hearing on a future date were based upon the mistaken assumption that the procedure was governed by the provision of the Act of Oct. 15, 1914, c. 323, §§ 21, 22, 38 Stat. 738 (28 USCA §§ 386, 387). As we have seen, the contempt charged did not constitute a crime, and the provisions of that act have no application. Michaelson v. U. S., 266 U. S. 42, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451. The contempt was one committed in the presence of the court (see Ex parte Savin, 131 U. S. 267, 9 S. Ct. 699, 33 L. Ed. 150); and it is expressly provided by the act of 1914 that its provisions shall not be construed to relate thereto. Section 24 (28 USCA § 389). It was properly proceeded against under section 268 of the Judicial Code (28 USCA § 385); and it is expressly held that in proceedings under that section the respondent is not entitled to a jury trial. Eilenbecker v. District Court of Plymouth County, 134 U. S. 31, 10 S. Ct. 424, 33 L.

Ed. 801; Interstate Commerce Commission v. Brimson, 154 U. S. 447, 489, 14 S. Ct. 1125, 38 L. Ed. 1047; Cooke v. U. S., 267 U. S. 517, 45 S. Ct. 390, 69 L. Ed. 767.

There was no necessity for the taking of additional testimony as a prerequisite to adjudging the defendant guilty and imposing punishment. The representations were made to the judge in open court, and the falsity of the representation as to respondent's professional status was established by the written answer which he filed under oath. There can be no question as to the right of the judge to consider what has occurred in his presence without taking testimony with regard thereto. In re Terry, 128 U. S. 289, 309, 9 S. Ct. 77, 32 L. Ed. 405; Ex parte Savin, supra, 131 U. S. 267, 277, 9 S. Ct. 699, 33 L. Ed. 150; Cooke v. U. S., supra, 267 U. S. 517, 535, 45 S. Ct. 390, 69 L. Ed. 767. And the statement signed and filed by him as to matters occurring in court in his presence imports absolute verity. In re Ulmer, supra; Mahoney v. State, 33 Ind. App. 655, 72 N. E. 151, 104 Am. St. Rep. 276. Respondent was given ample opportunity to produce evidence in contradiction or explanation of the charges, if he desired to do so; and the learned judge below has complied in all other respects with the requisites of due process as laid down in our former decision.

There was no error, and the judgment appealed from will be affirmed.

Affirmed.