### KELLEY v. UNITED STATES.
### No. 6483.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 13, 1952.

Decided Oct. 17, 1952.

266

Samuel Kelley, pro se.

Richard E. Lewis, Asst. U. S. Atty., Oliver W. Hill, and A. Carter Whitehead, U. S. Atty., Richmond, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

■ Samuel Kelley was attached for contempt by the court below in two cases and was fined in one case. In the other sentence was suspended for two years and Kelley was admitted to probation conditioned upon good behavior. Kelley appealed from both sentences but paid the fine in the case in which it was imposed. The appeal in that case must be dismissed as moot, but the appeal in the other is before us.

■ The facts are that appellant, who is not a licensed attorney and is not in any way qualified to practice law, has been advising ignorant people as to legal matters, has assisted them in such matters by preparing and filing pleadings in their behalf in the court below, has accompanied them to the clerk's office for the filing of pleadings and to the court room where their cases were being tried, and has persisted in this conduct after being warned to desist therefrom by the District Judge. We think it perfectly clear that this constituted contempt of court as it was misbehavior "in the presence of the court, or so near thereto as to obstruct the administration of justice". 18 U.S.C. §§ 401, 3691; Bowles v. United States, 4 Cir., 44 F.2d 115, Id., 4 Cir., 50 F.2d 848. And see Fletcher v. United States, 4 Cir., 174 F.2d 373. As the filing of the papers in the clerk's office was not a matter seen or heard by the District Judge, it was not a contempt punishable summarily. Rule 42(a), Rules of Criminal Procedure, 18 U.S.C.; Bowles v. United States, 4 Cir., 44 F.2d 115. The procedure under which appellant was convicted, however, was under a rule to show cause pursuant to Rule 42(b) of the Rules of Criminal Procedure. Appellant complains that he was not given trial by jury; but he was not entitled to trial by jury since the contempt charged was misbehavior committed "in the presence of the court, or so near thereto as to obstruct the administration of justice". 18 U.S.C. §§ 401, 3691. Bowles v. United States, 4 Cir., 50 F.2d 848; Laughlin v. United States, 80 U.S.App.D.C. 101, 151 F.2d 281; and see United States v. Pendergast, D.C.,

39 F.Supp. 189, reversed on other grounds 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368.

In the case in which the fine was paid the appeal will be dismissed. In the other case the judgment appealed from will be affirmed.